383 So.2d 276 (1980)
Agnes TRUITT, Etc., Appellant,
v.
Andrew J. TRUITT, Etc., Appellee.
No. 79-937/T4-521.
District Court of Appeal of Florida, Fifth District.
May 7, 1980.
Patrick A. Raley of Felder & Berman, Winter Park, for appellant.
Julius G. Petruska, Orlando, for appellee.
COBB, Judge.
The facts herein are relatively simple, but the legal issue involves the troublesome distinction between intrinsic and extrinsic *277 fraud. Agnes and Andrew Truitt obtained a judgment of dissolution of their marriage on October 1, 1976. The dissolution was based upon a stipulation whereby the husband transferred his interest in certain realty to the wife, and she relinquished any claim to alimony and dismissed with prejudice her counterclaim in the dissolution action based on a promissory note for $19,820.88. The husband had testified by way of deposition in that proceeding that the signature on the note was not his.
On October 26, 1978, more than two years after dissolution, Agnes sued Andrew on the note. She attempted to avoid his affirmative defense of res judicata by alleging in a reply that fraud had been perpetrated upon the dissolution court by the husband by reason of his perjured testimony wherein he denied execution of the promissory note, which had induced her to dismiss her counterclaim. At pre-trial conference, the trial court sua sponte dismissed the action with prejudice on the basis that the pleadings before the court conclusively established the alleged defense of res judicata.
Agnes Truitt appeals this dismissal and contends that the voluntary dismissal of her counterclaim in 1976 was induced by fraud  the perjured deposition testimony of Andrew Truitt. Since more than one year had elapsed, she did not file a motion with the dissolution court pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. That rule provides, however, that it does not limit the power of a court to entertain an independent action to relieve a party from a judgment or order for fraud upon the court.
In Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514 (1946), it was observed by the Florida Supreme Court that perjury does not constitute extrinsic fraud, and that the universal rule in regard to collateral attacks on judgments based on fraud applies to extrinsic rather than intrinsic fraud; otherwise, litigation would be interminable. Illustrations of extrinsic fraud are given in United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878): prevention of an unsuccessful party from presenting his case, by deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit, etc.
In August v. August, 350 So.2d 794 (Fla. 3d DCA 1977), it was held that a post-judgment motion to set aside a divorce judgment because of alleged misconduct by the husband (undue influence, duress, and fraudulent concealment of assets) was too late, since it was filed eighteen months after judgment, and that even an independent action would have been unavailing because the allegations did not constitute the type of fraud upon the court (i.e., extrinsic) contemplated by the exception in Rule 1.540(b) to the one-year limitation, citing Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973). In Alexander, the appellate court addressed the question of the types of fraud which may be addressed by an independent action even later than one year after judgment as contemplated by Rule 1.540:
"Fraud on the court" is a somewhat elusive concept. See 7 J. Moore Federal Practice, 1972, ¶¶ 60.33, 60.36, 60.37, and Toscano v. C.I.R., 9 Cir.1971, 441 F.2d 930, 933. If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action  not by independent actions.
Without attempting a comprehensive definition of "fraud on the court" it is our view that the facts alleged in the counterclaim do not qualify as such. In addition to the policy considerations mentioned *278 above, these other factors move us to this conclusion: (a) the counterclaim does not allege a misrepresentation which misled the court (in the original action) as to its jurisdiction over the person of the defendant, the identification of the defendant, or the subject matter; and (b) neither does the counterclaim allege a misrepresentation which prevented the appellants from effectively presenting a defense in the original action based on the same facts they now desire to set before the court via the independent action. The "fraud" to which the counterclaim speaks is in our view the type of fraud contemplated by subsection "(3)" of Rule 1.540(b), RCP, and should have been brought to the attention of the court by a motion filed in the original action  not by an independent action.
See also, Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976).
The reason for the rule precluding collateral attacks based on intrinsic fraud is that if a judgment is obtained on false testimony or on a false instrument, the parties are heard, the evidence is submitted to and receives the consideration of the court, and the matter has been actually tried or could have been tried, and the parties are estopped to set up the intrinsic or direct fraud and cannot contradict the judgment. Johnson v. Wells, 72 Fla. 290, 73 So. 188 (1916). In the instant case, Agnes Truitt knew that Andrew Truitt denied signing the promissory note upon which she filed her counterclaim in the dissolution action, and she could have litigated the genuineness of that signature and the enforceability of that note in the prior action. Instead, she settled and dismissed it. Accordingly, the dismissal of the instant case by the trial court was correct under the rule, and is AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.