453 So.2d 375 (1984)
George F. DeClaire, Petitioner,
v.
Donna DeClaire YOHANAN, Respondent.
No. 63012.
Supreme Court of Florida.
June 7, 1984.
*376 Montgomery, Lytal, Reiter, Denney & Searcy, and Edna L. Caruso, West Palm Beach, for petitioner.
James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal reported as Yohanan v. DeClaire, 421 So.2d 551 (Fla. 4th DCA 1982). The district court held that the petitioner-husband's filing of a false financial affidavit in the parties' dissolution action constituted "fraud on the court" and was grounds for setting aside a property settlement agreement approved in the final judgment of dissolution entered three years prior to the commencement of this action. We find direct conflict with Truitt v. Truitt, 383 So.2d 276 (Fla. 5th DCA 1980); Erhardt v. Erhardt, 362 So.2d 70 (Fla. 2d DCA 1978), review denied, 368 So.2d 1366 (Fla. 1979); August v. August, 350 So.2d 794 (Fla. 3d DCA 1977); and Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976). We have jurisdiction, article V, section 3(b)(3), Florida Constitution. We find that the conduct in this case did not constitute fraud on the court, as such fraud has been defined and applied, and we quash the decision of the district court.
In the instant case, the petitioner-husband and the respondent-wife dissolved their marriage on October 27, 1977. The final judgment of dissolution incorporated a property settlement agreement entered into between the parties. The record reflects that this was a contested dissolution with substantial discovery and multiple proceedings before and after the entry of final judgment. Three years after the entry of the final judgment, the respondent-wife petitioned for an increase in child support. She later amended her petition, seeking to have the final judgment of dissolution set aside and to have the property settlement agreement declared void on the ground that the petitioner had fraudulently misrepresented his net worth in a financial affidavit on which the respondent allegedly relied in entering into the property settlement agreement.
Following an evidentiary hearing, the trial court (1) granted an increase in child support; (2) found that the financial affidavit executed by the petitioner was false in that it did not accurately reflect the petitioner's assets and liabilities or petitioner's net worth at the time of the dissolution; and (3) denied respondent's request that the property settlement agreement be declared void because the respondent knew or should have known of her former husband's true net worth as she had previously co-signed financial statements presented to a bank for the purpose of obtaining a loan and because information concerning the petitioner's true net worth could have been and should have been brought to the trial court's attention.
The district court reversed the trial court's refusal to set aside the property settlement agreement, finding that petitioner's conduct was fraud on the court. The district court recognized that the application of the concept of fraud on the court is restricted because public policy favors the termination of litigation, but held that "the public policy favoring the termination of litigation must yield in the present case to the public policy favoring the filing of accurate financial affidavits in dissolution actions." 421 So.2d at 553. According to the district court, the petitioner's "fraudulent affidavit constituted fraud upon the court because a trial court cannot properly determine what to award the parties or whether to approve a property settlement agreement without a true understanding of the parties' financial condition." Id. We disagree.
At the outset we must distinguish between extrinsic fraud and intrinsic fraud *377 because only extrinsic fraud may constitute fraud on the court. Extrinsic fraud involves conduct which is collateral to the issues tried in a case. The definition of extrinsic fraud was specifically articulated in United States v. Throckmorton, 98 U.S. 61, 65-66, 25 L.Ed. 93 (1878), in which the United States Supreme Court said:
Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side  these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. (Citations omitted.)
Consistent with the general rule, this Court has defined extrinsic fraud as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.
Fair v. Tampa Electric Co., 158 Fla. 15, 18, 27 So.2d 514, 515 (1946). See Black's Law Dictionary 595 (rev. 5th ed. 1979). In other words, extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause.
Intrinsic fraud, on the other hand, applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried. This Court, consistent with the general rule, has expressly held that false testimony given in a proceeding is intrinsic fraud. We have stated that
[i]f a judgment was obtained upon false testimony or a fraudulent instrument and the parties were heard, the evidence submitted to and received consideration by the court, then it may be said that the matter has been actually tried, or was so in issue that it might have been tried and the parties are estopped to set up an intrinsic or direct fraud to vitiate the judgment, because the judgment is the highest evidence and cannot be contradicted by the parties to it.
Johnson v. Wells, 72 Fla. 290, 299, 73 So. 188, 191 (1916) (citation omitted).
The concept of fraud on the court has historically been limited in its application to ensure the finality of judgments and to avoid frequent attacks against final judgments. Prior to the adoption of Florida Rule of Civil Procedure 1.540(b), only what was defined as "extrinsic fraud" could, in reality, form the basis for relief from a judgment. Johnson v. Wells; Fair v. Tampa Electric Co. Further, such relief could be obtained only by an independent action in equity. There was no practical basis for relief from a judgment obtained by intrinsic fraud. Rule 1.540(b) was adopted in 1962 as Florida Rule of Civil Procedure 1.38(b) and was modeled on Federal Rule of Civil Procedure 60. The Committee Note to rule 1.540 indicates that the rule is "[s]ubstantially the same as Federal Rule 60." In re Florida Rules of Civil Procedure 1967 Revision, 187 So.2d 598, 631 (Fla. 1966). See 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.31-33 (2d ed. 1983). The Florida rule was not intended to restrict the existing remedies. Like the federal rule, it was intended to provide a modern, simplified procedure for seeking relief from judgments. Further, the rule expanded, to a limited extent, the grounds for setting aside a judgment. Immediately following its adoption, it was explained that the rule

*378 abolished the use of the ancillary writs of coram nobis and audita querela as legal remedies and bills of review and bills in the nature of bills of review in equity... . The rule was not intended to diminish the substantive remedial law but only to provide that certain remedies may be applied for by motion.
Barns & Mattis, 1962 Amendments to the Florida Rules of Civil Procedure, 17 U.Miami L.Rev. 276, 291 (1963) (footnote omitted). See also 33 Fla.Jur.2d Judgments and Decrees § 352; Trawick, Florida Practice and Procedure § 26.8 (1982).
Under rule 1.540(b)[*] as it is presently written, a party may, by motion, seek to set aside a final judgment, decree, order, or proceeding on numerous grounds not previously available, including intrinsic fraud. Where the basis of the motion is mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic or extrinsic fraud, misrepresentation, or other misconduct of an adverse party, such motion must be made within a reasonable time and in no event more than one year from the entry of the final judgment. Prior to the adoption of rule 1.540(b), none of the stated grounds for a motion to set aside a judgment, with the exception of extrinsic fraud presented in an action in equity, could be used as the basis for seeking relief from a judgment. The writs of coram nobis and audita querela were available prior to the adoption of the rule, but for practical purposes these writs, because of their requirements, were not available for relief. The one-year limitations period of rule 1.540(b) does not apply where a judgment is void, where a judgment has been satisfied, released, or discharged, or where it is no longer equitable for a judgment to have prospective application. Further, the rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud on the court." Therefore, the rule clearly preserves the equitable remedy of an independent action where extrinsic fraud is established.
Where relief from a judgment is sought by motion, "[t]he motion is filed in the action in which the judgment was rendered." Trawick, Florida Practice and Procedure § 26.8 (1982). Where relief is sought by independent action, however, "[t]he action is not a continuation of the action in which the judgment ... under attack was entered. A new complaint is filed, service of process is made and the new action follows the same procedure as other civil actions." Id.
For better understanding, the circumstances under which a judgment may be challenged are set forth as follows:
Within One Year under Rule 1.540(b)
1) Mistake, inadvertence, surprise, or excusable neglect.
2) Newly discovered evidence which could not have been discovered in time to move for a new trial.
3) Any type of fraud, misrepresentation, or other misconduct of an adverse party including intrinsic fraud which occurs *379 during the proceeding such as false testimony.
No Time Limitation under Rule 1.540(b) or Independent Action
1) Where the judgment is void.
2) Where it can be established that the judgment has been satisfied, released, or discharged.
3) Where the judgment has prospective application and equity should now require relief from its present enforcement.
4) Extrinsic fraud which prevents a party from having an opportunity to present his case in court.
It should be clearly understood that rule 1.540(b) broadened the grounds upon which a final judgment could be attacked, but created a one-year limitations period within which such an attack must be made. The rule does not change the existing definitions of intrinsic and extrinsic fraud or change the type of conduct which constitutes fraud on the court.
Since the adoption of rule 1.540(b), all of the case law interpreting it concerns actions attacking a judgment more than one year old. In Alexander v. First National Bank, 275 So.2d 272 (Fla.4th DCA 1973), the original plaintiff in the case sought to enforce a final judgment of foreclosure and a deficiency judgment. Alexander, as original defendant, filed a counterclaim which alleged that in the prior action the plaintiff had misstated the amount of Alexander's indebtedness. The counterclaim further alleged that the final judgment of foreclosure and the deficiency judgment were in error and that the plaintiff's conduct was fraud on the court. The district court found that the misstatement of the indebtedness did not constitute fraud on the court and stated:
"Fraud on the court" is a somewhat elusive concept.... If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action  not by independent actions.
275 So.2d at 274.
In Truitt v. Truitt, 383 So.2d 276 (Fla.5th DCA 1980), the wife brought suit more than two years after the entry of final judgment of dissolution on the grounds that her former husband had perjured himself in his deposition testimony. The district court concluded that the husband's perjury in his deposition did not constitute fraud on the court and could not be the basis for setting aside the judgment. In August v. August, 350 So.2d 794 (Fla.3d DCA 1977), the wife filed a motion eighteen months after the entry of the final judgment of dissolution seeking to set aside the judgment on the grounds that her husband had concealed his assets and used duress and undue influence in obtaining a settlement from her. The district court held that the husband's conduct did not constitute fraud on the court. In Erhardt v. Erhardt, 362 So.2d 70 (Fla.2d DCA 1978), review denied, 368 So.2d 1366 (Fla. 1979), the husband filed a motion for relief from a final judgment of dissolution almost two years after its entry, alleging that the wife had fraudulently misrepresented the husband's income in the dissolution proceeding. The district court affirmed the trial court's holding that the wife's conduct was not fraud on the court. And in Kimbrough v. McCranie, 325 So.2d 70 (Fla.1st DCA 1976), the district court held that allegations that the plaintiff had falsely stated in the trial the amount of damages he sustained did not constitute fraud on the court.
In the recent decision of Brown v. Brown, 432 So.2d 704 (Fla.3d DCA 1983), the Third District Court of Appeal extensively reviewed the history of rule 1.540(b) and the case law relating to attacks on final judgments. In its analysis, the Third *380 District did not fully agree with the reasoning of the decisions in the cases discussed above. In Brown, the wife alleged that her husband had fraudulently induced her, as part of a property settlement agreement, to give him a note and mortgage in exchange for assets which the husband had allegedly over-valued. The wife filed a motion under rule 1.540(b) seeking relief from the final judgment. The trial court denied the motion because it was not filed within the one-year limitations period of the rule. The wife again challenged the final judgment of dissolution in a counterclaim to an action brought by her former husband to foreclose the mortgage given by her as part of the property settlement agreement. In Brown the district court found that rule 1.540(b) "permits an independent action to be relieved from a judgment upon allegations of extrinsic fraud or an independent action to set aside the judgment upon allegations of fraud upon the court." 422 So.2d at 714. The Brown court then determined that, although the wife's allegations did not show fraud upon the court, the allegations did establish extrinsic fraud which would allow relief outside the one-year limitations period.
Determining the conduct that constitutes intrinsic fraud, which requires action under the rule within one year of the entry of a final judgment, and the conduct that constitutes extrinsic fraud, for which an action may be brought at any time, is the critical issue in the instant case. The cases distinguish between false and misleading information being presented on an issue to be tried and conduct which prevents a party from trying the issue. When an issue is before a court for resolution, and the complaining party could have addressed the issue in the proceeding, such as attacking the false testimony or misrepresentation through cross examination and other evidence, then the improper conduct, even though it may be perjury, is intrinsic fraud and an attack on a final judgment based on such fraud must be made within one year of the entry of the judgment.
It is clear that the false financial affidavits submitted by the petitioner-husband were part of the record in this case. The issue of the husband's net worth was, therefore, a matter before the court for resolution and could have been tried. There were multiple proceedings in this cause before and after the entry of the final judgment. In addition, the trial judge found that the respondent-wife had information which should have given her notice of the falsity of the husband's financial information. In our view, this conduct is intrinsic fraud and the trial judge correctly determined that there was no fraud on the court in this case. To approve the asserted public policy decision expressed by the district court in this case would require a change in the definitions of intrinsic fraud and extrinsic fraud. The district court's holding could not logically be restricted to false financial disclosures in dissolution proceedings. Such a holding would necessarily require an inclusion of false testimony given in affidavits, depositions, or at trial as fraud on the court. It would permit any final judgment to be attacked at any time if a party could allege that an intentional misrepresentation was made by affidavit, deposition, or testimony presented in the case. By so expanding the definition of fraud on the court, we would also be substantially expanding the grounds on which final judgments may be attacked. The Brown decision and the Fourth District's decision in the instant case raise a major public policy question relating to how final judgments may be attacked and set aside. Public policy has always favored the termination of litigation after a party has had an opportunity for a trial and an appeal of the trial court's judgment. Consequently, the grounds upon which a final judgment may be set aside, other than by appeal, are limited in order to allow the parties and the public to rely on duly entered final judgments. Rule 1.540(b) broadened the grounds upon which final judgments may be attacked but we do not find it appropriate to further broaden these grounds by decision of this court. If there *381 is to be any change, it should be achieved through the rule-making process.
For the reasons expressed, we quash the decision of the district court of appeal and remand the case with directions to reinstate the judgment of the trial court. We also disapprove the Third District's decision in Brown to the extent that it conflicts with our decision in the instant case.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] Rule 1.540(b) reads, in pertinent part, as follows:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.