532 So.2d 82 (1988)
Dorothea WHITMAN, Appellant,
v.
William F. WHITMAN, Appellee.
No. 87-2968.
District Court of Appeal of Florida, Third District.
October 18, 1988.
*83 Sharon B. Jacobs; Stephen M. Zukoff, Miami, for appellant.
Harold Peter Barkas, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
We find merit in one of the three issues raised by the appellant.
Dorothea Whitman petitioned the court in 1986 to set aside, on the basis of extrinsic fraud, a property-settlement agreement which was incorporated into the parties' 1979 final judgment of dissolution. The first count of Whitman's complaint alleged that her former husband had fraudulently induced her to forgo obtaining independent legal counsel by convincing her that the property settlement dispute should be resolved by a "neutral arbitrator." The complaint alleges that the "neutral arbitrator" was actually representing the husband and, as a result, the appellant was deprived of a fair opportunity to present her claims to the court.
The trial court dismissed the count on a finding that the facts pleaded by the appellant constitute, at best, intrinsic fraud. In our view the facts alleged support an independent action based on extrinsic fraud.
The distinction between intrinsic and extrinsic fraud is critical to the case. Extrinsic fraud, unlike intrinsic fraud, is a ground for relief from judgment after the one-year period provided for in Florida Rule of Civil Procedure 1.540(b) has passed.[1]DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). See generally Gray, Rule 1.540(b), Florida Rules of Civil Procedure: In Search of an Equitable Standard for Relief from Fraud, 12 Fla.St.U.L.Rev. 851 (1985).
The difference between extrinsic fraud and intrinsic fraud was explained in DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). Extrinsic fraud concerns "conduct which is collateral to the issues tried in a case" while intrinsic fraud involves conduct within a proceeding that "pertains to the issues in the case that have been tried or could have been tried." Id. at 377. Extrinsic fraud has been defined as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practices by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.
DeClaire v. Yohanan, 453 So.2d at 377 (quoting Fair v. Tampa Elec. Co., 158 Fla. 15, 18, 27 So.2d 514, 515 (1946)).
The Court's broad definition of extrinsic fraud in United States v. Throckmorton, 98 U.S. 61, 66, 25 L.Ed. 93, 95 (1878), included the situation "where the attorney regularly employed corruptly sells out his client's interest to the other side ... and similar cases which show that there has never been a real contest in the trial... ."
Here, the complaint alleged facts showing that the husband and the attorney, by collusion and deception, prevented the wife from fully presenting her case to the court; such conduct is collateral to the substantive issues in the action, fits the legal description of extrinsic fraud and, if proved, would support appellant's independent action for relief from judgment.
Accordingly, the order dismissing the appellant's claim is reversed and the cause is remanded for further proceedings.
NOTES
[1] The "saving clause" of rule 1.540(b) provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court."