JAMES C. DOWNEY, Associate Judge.
This is an appeal from a final order of the Circuit Court, Probate Division, dismissing an amended petition for appointment of an administrator ad litem, an amended petition to revoke probate, to set aside an order of family administration, to probate a later discovered will, and for injunctive relief.
It appears from the record that Rose Sokol died in March, 1985, leaving four adult children: Ruth Moses, Marilyn Austin, Gertrude Baretz, and Robert Sokol. In April, Ruth Moses filed a petition for family administration in the probate division of the circuit court, declaring that her mother had died leaving a will dated January 14, 1985, and a gross estate valued at less than $60,000, of which Moses was the sole beneficiary. Moses attached an affidavit verifying these facts, a copy of the will, the oath of her sister, Gertrude Baretz, attesting that she had witnessed the will, and a Waiver of Priority, Consent to Appointment of Personal Representative, and Waiver of Notice and Bond signed by Marilyn Austin, Gertrude Baretz, and appellant, Robert Sokol. The waiver declared that its *951 signatories “hereby jointly and severally waive our rights to act as personal representative of the estate; consent to the appointment of RUTH MOSES as the personal representative of the estate; waive service of Notice of Administration upon us or any of us; and request that the personal representative not be required to post bond or security.” In May, 1985, the probate court entered its Order of Family Administration, ordering immediate distribution of the decedent’s assets to Moses.
Approximately a year and one-half later Sokol filed a complaint in the general jurisdiction division of the circuit court against his sister, Moses, contending that, during their mother’s lifetime, Moses managed to have all of the property accumulated by their parents transferred to her and that Moses had assured her siblings that she was holding the property for the benefit of all of them. However, after the mother’s death and the probate of her estate Moses claimed all of the property as her own. The complaint prayed for a constructive trust, an accounting and damages for conversion and civil theft. The complaint was dismissed without prejudice, with leave to file an amended complaint within thirty days of the conclusion of any probate proceeding that might be undertaken regarding the Rose Sokol Estate. Thereafter, Sokol filed in the probate division the petitions which are the subject of the order of dismissal herein being reviewed.
In addition to filing the described petition Sokol filed a notice of adversary proceedings and a declaration that the proceeding was adversary. In the basic petition for revocation of probate and the order of family administration theretofore entered it was alleged that Sokol was one of the witnesses to the last will and testament of Rose Sokol that had been probated in the family administration proceeding; however, Sokol stated that Rose had not executed the will — it was a forgery prepared after Rose’s death. He alleged that the scheme was “procured” by Moses and Gertrude Baretz for the purpose of defrauding the court, the estate beneficiaries, debtors and creditors, the internal revenue service and others. While admitting his participation in the presentation of the forged will, he denied any knowledge of the purposes for which it was done. Moses moved to dismiss the petition on the grounds that Sokol lacked standing to bring such a motion because he had not shown he stood to inherit in the absence of the forged will; that he admitted he participated in the fraud perpetrated upon the court by presenting the forged will; and because in the family administration proceeding he had affirmatively waived any right to seek the relief requested. The trial court granted said motion and dismissed the petition and this appeal ensued.
Sokol contends that the family administration pursuant to Chapter 735 of the Florida Statutes was not subject to the provisions of section 733.2123 (which provides that no person who has waived notice may challenge the validity of the will or testacy of the decedent except in connection with the proceedings before issuance of letters) because the latter only applies to the full administration of estates rather than the summary scheme envisioned in Chapter 735. Moses, on the other hand, contends that section 733.2123 is applicable and, since Sokol expressly waived notice, he cannot raise the invalidity of the will presented for probate in said proceedings. Furthermore, Moses argues that section 733.109(1) provides that any beneficiary may, before final discharge of the personal representatives, petition the court in which the will was admitted for revocation of probate, but Sokol cannot meet the requirements of that statute. Next, Moses points out that, if Sokol were correct that the provisions of Chapter 733 are not applicable in Chapter 735 family proceedings, then Sokol must look to Chapter 735 for authority to reopen the family administration proceeding and revoke the probate of the January 1985 will. However, Chapter 735 provides no remedy affording relief for Sokol’s complaints except section 735.107(3)(g), which enables one so situated to enforce his rights against the persons who procured the order excluding him from distribution of the estate in other appropriate proceedings. We interpret this to mean by *952 a separate suit in the general jurisdiction division of the circuit court. Thus, concludes Moses, the petition to reopen the family administration would not be available to appellant.
Next, Moses contends that Sokol cannot prevail because Florida Rule of Probate and Guardianship Procedure 5.025(a) automatically makes proceedings to revoke probate of a will and other relief sought here an adversary proceeding. Furthermore, subsection (b) provides that other proceedings may be declared adversary. So there is no question that this proceeding was an adversary one. Therefore, as provided by the rule, “the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil matter and the rules of civil procedure shall govern.” Fla. R.P. & G.P. 5.025(d)(2). Given the application of the Florida Rules of Civil Procedure, Sokol cannot succeed in attacking the final order in the family administration proceeding because the fraudulent conduct relied upon would be intrinsic fraud, which must be asserted within one year. Fla.R. Civ.P. 1.540(b); DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984).
Lastly, the trial court could well be affirmed on purely equitable grounds, such as the clean hands doctrine. The petitioner here seeks relief from the probate of a will that he knew was a forgery prepared after his mother’s death. He knew that it was to be presented to the probate court and he signed a waiver of all notices ordinarily required in a family administration proceeding. Whatever his motives may have been, they could not have been lawful, and the trial court took pains in its order dismissing the petition to particularly note this fraudulent conduct on Sokol’s part. The defense of unclean hands could be raised by motion since it was shown on the face of Sokol’s petition for revocation of probate through his admissions of participation in the procurement of the forged will and knowledge of the value of the estate. Sanchez v. Mercy Hospital, 386 So.2d 42 (Fla. 3d DCA 1980). Thus, it was well within the court’s discretion to dismiss the petition on this ground alone.
In any event, Moses has demonstrated several rational bases upon which the trial court could have entered its dismissal and it is well settled that an affirmance is appropriate so long as the right result was reached. We conclude that the right result was reached and reversible error has not been demonstrated. The order appealed from is therefore affirmed.