SHIVERS, Chief Judge.
The former wife appeals a final judgment granting her former husband’s petition to vacate the child support provisions of a settlement agreement which was incorporated into their 1982 final judgment of dissolution. Appellant is the mother of the three children born during the couple’s marriage. The trial court found the former wife’s “concealment from the Husband of the fact that he is not the biological father of the children constitutes extrinsic fraud.” We affirm.
The legitimacy of children born during the marriage is “one of the strongest re-buttable presumptions known to the law....” Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (Fla.1944). The wife admits, however — and Human Leukocyte Antigen Blood Grouping testing confirms— that the husband is not the father of any of the three children. The record reveals competent, substantial evidence that at the time of the parties’ divorce, the husband had no doubts about being the children’s father. The wife knew he was not the father and she concealed that fact until approximately four years after the divorce.
A husband is entitled to presume he is the father of his wife’s children. A husband has no affirmative duty in a divorce proceeding to question the virtue of his wife and the legitimacy of his children absent a sound basis to doubt otherwise. We therefore hold that when a wife knows that her husband is not the father of her children, and the husband does not know, concealment of that knowledge in a divorce proceeding involving child support is extrinsic fraud upon the court. The husband’s petition was not barred by the doctrine of res judicata or the one year limitation of actions provision of Florida Rule of Civil Procedure 1.540(b). See DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984).
We conclude that the trial court did not abuse its discretion by refusing to require the former wife to reimburse monies already paid toward child support when there is no evidence that the funds paid were used for purposes other than support.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.