579 So.2d 370 (1991)
Danielle H. GUERRIERO F/K/a Danielle H. Schaub, Appellant,
v.
Richard G. SCHAUB, Jr., Appellee.
No. 90-0961.
District Court of Appeal of Florida, Fourth District.
May 15, 1991.
Harold G. Melville of Harold G. Melville, P.A., Fort Pierce, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, and Everett J. Van Gassbeck of Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for appellee.
STONE, Judge.
The appellant seeks to set aside a four and a half year old judgment of dissolution, which incorporated the terms of a property settlement agreement, by an action alleging fraud by her former husband.
The trial court entered a summary final judgment for the former husband, holding that the former wife's claim, based on an "intrinsic" fraud, was barred by the one-year limitations period for setting aside a judgment under Florida Rule of Civil Procedure 1.540(b). The court reasoned that the appellant's allegations, even if true, do not constitute the "extrinsic" fraud for which a party may be relieved of a judgment at any time where the conduct constitutes a fraud on the court. We affirm.
Rule 1.540(b) provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken... . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a *371 judgment or decree for fraud upon the court.
The sole issue in this appeal is whether the appellant has alleged an intrinsic or an extrinsic fraud. We recognize that the concepts, and the bases for making the distinction, are elusive; particularly where, as here, the circumstances may appear to be somewhat of a hybrid nature. The essential facts are summarized in the trial court findings:
(1) That the Former Wife had personal knowledge of the economic and future interest of the Former Husband prior to the preparation of the Property Settlement Agreement.
(2) That the Property Settlement Agreement contains clear language, and settled and determined the respective property rights between the parties.
... .
(4) That the parties were adverse in the dissolution proceedings, and that the Plaintiff, Former Wife, advised the trial judge she fully understood the Property Settlement Agreement and did not object to its admission and made part of the Final Judgment, and she had full access to discovery, and she had every right to reject the settlement offer.
(5) That the Former Wife's complaint alleges that "in the September or October, 1985, time period, Plaintiff approached Defendant concerning the distribution of business assets." It is the business assets or the appropriateness of distribution of those assets which the Former Wife alleges to have been fraudulently misrepresented by the Defendant, Former Husband. Assuming the truth of the Plaintiff's allegations, it is clear that she was aware of an interest which she now claims, and she had sufficient opportunity to discover any fraudulent misbehavior, and thus, bring an action in court within the one (1) year time limit expressed in Rule 1.540(b), Fla.R. Civ.P.
Generally, where a party can raise an issue in the initial case, any improper or fraudulent conduct by the opposing party, even if egregious, is deemed to be intrinsic to that proceeding. Generally, extrinsic fraud is found where a party is prevented from participating in an action by conduct which is collateral to the issues in the cause. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). See also Arrieta-Giminez v. Arrieta-Negron, 551 So.2d 1184 (Fla. 1989); Truitt v. Truitt, 383 So.2d 276 (Fla. 5th DCA 1980); Erhardt v. Erhardt, 362 So.2d 70 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1366 (Fla. 1979); August v. August, 350 So.2d 794 (Fla. 3d DCA 1977).
In DeClaire, it was alleged that the former husband fraudulently misrepresented his net worth in a proceeding concluded several years earlier. The supreme court rejected the conclusion of this court that the fraud was extrinsic, quoting the definition of extrinsic fraud from United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878):
Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest of the other side  these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. 453 So.2d at 377.
In DeClaire, the court also disapproved of Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983), to the extent that it conflicted. In Brown, the wife had alleged that the husband fraudulently induced her, as part of a property settlement agreement, to give him a note and mortgage.
The plaintiff in Arrieta-Giminez alleged that she was defrauded by her half siblings *372 who had misrepresented the extent of their father's estate in Puerto Rico in negotiating a settlement which was reduced to judgment. The supreme court held that such a misrepresentation constitutes intrinsic fraud. The plaintiff there, as here, argued that the defendant's fraud deprived her of the opportunity to present the whole case in the initial proceeding. We recognize that, in that case, a significant consideration was the possibility that the fraud might have been uncovered had the plaintiff rejected the settlement and proceeded with discovery. Whereas, in this case it might have been more difficult to uncover the husband's fraudulent intent through discovery devices. Nevertheless, we do not consider this distinction as determinative of the issue.
We have also considered Whitman v. Whitman, 532 So.2d 82 (Fla. 3d DCA 1988), where the court held that collusion and deception between the husband and the wife's attorney, which prevented the wife from fully presenting her case to the court, was extrinsic fraud. However, we note that in this case there is no allegation of collusion and no contention that the wife's attorney in the dissolution action did not fully represent her interests.
Here, the judgment was obtained by the wife. She participated knowingly in the decision that the omitted information was not being presented to the court and was not prevented from addressing the issue. We conclude that the appellant has failed to demonstrate an extrinsic fraud. Therefore, she is not entitled to claim an openended time within which to attack the judgment. The final judgment is affirmed.
HERSEY, C.J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
Hopefully, the supreme court will not extend DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984), as proposed by the majority, and will consider revisiting DeClaire vis a vis former Judge Daniel S. Pearson's opinion in Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983). My view of the majority opinion as an extension of DeClaire comes from a reading of the facts in those cases cited by the majority compared to the facts herein. The wife had a right to rely on her husband's alleged promise; as the parties were not Macy's v. Bloomingdale's  at arms length  notwithstanding their ultimate destination was dissolution of the marital relationship.
I can foresee, because of the majority's opinion, financially able fathers being able to promise mothers that they will provide college educations for their able and desiring children if the mothers do not insist on the subject of such higher education being included in the separation and property settlement agreement. I perceive fathers telling the mothers "My word is my bond"; the mothers believing it; and the children having no guardian ad litem to protect them. After the dissolution and the fathers' remarriage or change of mind, the fathers will not perform what they promised; and the children will be left high and dry, as were the subject children of studies revealed by Wallerstein and Blakeslee, Second Chances: Men, Women & Children A Decade After Divorce: Who Wins, Who Loses  and Why (1989).
The final judgment of dissolution of marriage was not obtained by false testimony or false instrument; rather, the wife's claims to the husband's business interests were never considered by the trial court. Although the husband claims that the wife's cause of action is barred by the very terms of the separation agreement, the wife never obtained independent counsel. Additionally, she maintains that the husband lied to the attorney specifically retained to execute that agreement; and that her spouse's alleged wrongful conduct prevented her from trying the "business assets" issue  he affirmatively advised the wife that his real estate holdings should not be dealt with or considered in connection with the dissolution proceedings.
Although the majority notes that the facts of Whitman v. Whitman, 532 So.2d 82 (Fla. 3d DCA 1988), can be distinguished from the instant case, I believe that the *373 same rationale applies. Through the husband's deceptive behavior, the wife never presented her claims upon the husband's business to the trial court. As former Judge Pearson pointed out in Brown:
"And, by a bill in equity in the nature of a bill of review, equity will for the same causes vacate a judgment or consent decree that has been entered in pursuance of such an agreement, since fraud, deceit, artifice, or trickery employed in procuring a complaining party's consent to a voluntary judgment or decree entered pursuant to a fraudulently procured agreement is regarded as extrinsic fraud, against which equity has jurisdiction to relieve by acting directly upon the consciences of the parties to the agreement which has resulted in such judgment or decree." Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 476-77, 156 So. 893, 897 (1934) (citations omitted) (emphasis supplied).
432 So.2d at 714-15. In my view, the wife in this case is entitled to have her day in court upon the question of whether her husband fraudulently procured her agreement not to present an issue to the trial court.