PARKER, Judge.
Charlie Brown’s of Tampa, Inc., appeals an order granting a motion to set aside a judgment. We reverse because we conclude that the evidence presented at the motion to set aside the judgment was legally insufficient to grant such relief.
Charlie Brown’s filed a complaint against James Cook for breach of fiduciary duty.[1] The complaint contained the following allegations: Charlie Brown’s listed restaurant property for sublease; Cook was a real estate salesman working to sublease the property; Cook gave two prospective tenants keys to the premises and allowed them to make modifications to the property and operate a business without Charlie Brown’s permission; Charlie Brown’s was unaware of this until late December 1990; and on or about January 31, 1991, the two prospective tenants removed many of the fixtures and damaged the property.
Cook represented himself in the lawsuit and did not appear for the trial. The trial *1159 court entered a judgment against Cook.[2] Four months later Cook filed a motion to set aside the judgment on the basis of misrepresentation. The alleged misrepresentation was Charlie Brown’s allegation in the complaint that it was unaware that the prospective tenants were operating the business on the property until late December 1990 and that it objected to the use. In support of his claim, Cook filed the application to transfer liquor license which contained an affidavit dated December 6,1990, of the president of a former lessee of the property which stated that there had been a sale of the business.[3] The trial court set aside the judgmént based on the mistaken belief that the affiant was an officer of Charlie Brown’s. It was not until Charlie Brown’s filed a motion for rehearing that the trial court realized that the affidavit was not from an officer of Charlie Brown’s. The trial court found this “troubling” but correctly concluded that it could not rule on the merits of the motion for rehearing because the motion was unauthorized.
Florida Rule of Civil Procedure 1.540(b) allows the court to set aside a judgment which a party obtained by fraud. Cook, in his motion to set aside the judgment, alleges intrinsic fraud on the part of Charlie Brown’s. “Intrinsic fraud ... applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried.” DeClaire v. Yohcmcm, 453 So.2d 375, 377 (Fla.1984). This affidavit of a third party does not make the allegations of the complaint fraudulent. The'fact that a former lessee transferred the liquor license to a prospective tenant and stated that there had been a sale of the business does not contradict Charlie Brown’s allegation that it was unaware at that time that the prospective tenants were operating a business there before the parties consummated any sale or lease agreement. We, therefore, reverse the order on the motion to set aside final judgment and reinstate the final judgment against Cook.
Reversed.
HALL, A.C.J., and THREADGILL, J., concur.

. Charlie Brown's also sued Cook’s employer for breach of fiduciary duty and two other defendants for theft.

. The trial court had entered a judgment one year earlier against the other defendants, but not against Cook, because the bankruptcy court had stayed the action against Cook.

. The affidavit stated:
I, the undersigned, do hereby swear or affirm that I am duly authorized to make this affidavit and do hereby consent, on my behalf or on behalf of the seller, to the above transfer, and represent to the Division of Alcoholic Beverages and Tobacco that the license which is being transferred is as shown in the application and that a bona fide sale in good faith has been made to the within applicant [Tara Lynn De-Brocke] of the business for which the foregoing transfer of license is sought.