THOMPSON, Judge.
Janine Preston appeals from a final summary judgment denying her suit to set aside the adoption of her daughter,' Jessica. Jessica had been adopted by Preston’s parents, Anthony and Mary Ann Tolone. The final summary judgment of adoption was rendered on 13 March 1991. In September 1992, Preston brought this suit to set aside the adoption on the ground that her consent to the adoption was procured by fraud and misrepresentation. The trial court granted *968 the final judgment, relying on section 63.182, Florida Statutes (1991). We reverse.
Section 63.182 provides:
After 1 year from the entry of a judgment of adoption, any irregularity or procedural defect in the proceedings is cured, and the validity of the judgment shall not be subject to direct or collateral attack because of any irregularity or procedural defect. Any defect or irregularity of, or objection to, a consent that could have been cured had it been made during the proceedings shall not be questioned after the time for taking an appeal has expired.
§ 63.182, Fla.Stat. (1991). We do not believe that section 63.182 is implicated at this time because the trial court never conducted a trial or a contested hearing to determine the facts.
The record on appeal consists solely of depositions and affidavits, which, as we read them, create a genuine issue of material fact as to whether Preston’s consent to the adoption was obtained by forgery, trick, or fraud. The record shows that this issue was hotly contested by the parties. Janine Preston presented substantial, competent evidence which appears to establish a prima facie case that she was deceived by her parents into signing a consent to adoption. She alleged that she thought it was a consent to draft adoption papers or papers necessary to obtain health insurance for her child.
Because the record reveals the existence of disputed issues of material fact which can be resolved by the trial court only after a contested hearing, the order granting summary judgment was improvidently entered at this stage of the evidence. Landers v. Milton, 370 So.2d 368 (Fla.1979); Holl v. Talcott, 191 So.2d 40 (Fla.1966); O’Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982). If the trial court subsequently finds at an evidentiary hearing that there was fraud on the court, the adoption may be set aside regardless of the one-year limitation of section 63.182. DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984); M.L.B. v. Department of Health & Rehabilitative Seros., 559 So.2d 87 (Fla. 3d DCA), review denied, 574 So .2d 140 (Fla.1990).
REVERSED and REMANDED for further proceedings consistent with this opinion.
DAUKSCH, J., concur.
SHARP, W., J., concurring specially, with opinion.