PER CURIAM.
Rod Eisenberg appeals an adverse summary judgment in his independent action for relief from judgment. He sought to reopen a 1994 judgment in which he protested the award of a lease by appellee City of Miami Beach to appellee Iramco, Inc. Iramco submitted the only timely, responsive bid.
We entirely agree with the trial court that the matters Eisenberg attempts to raise in his current action for relief from judgment, see generally DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), are substantially identical to matters raised and adjudicated in previous proceedings against the City and Iramco, including an earlier motion for relief from the 1994 judgment, and another lawsuit by Ei-senberg against the City, Iramco, and Eisen-berg’s former attorneys. These resulted in final orders adverse to Eisenberg and are res judicata. See Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1006 n. 9 (Fla. 3d DCA), review denied, 700 So.2d 685 (Fla.1997).
Eisenberg also appeals the order denying his motion for disqualification. This motion was made after the court entered summary judgment in favor of the City and Iramco in this proceeding. The trial court properly denied the motion. A claim that a trial judge has made an error of law is not a basis for disqualification. See Barwick v. State, 660 So.2d 685, 692 (Fla.1995). In the course of delivering his ruling, the trial judge told Eisenberg in essence that the lawsuit was without merit and that if he felt there was wrongdoing,by the City or Iramco, he should file complaints with the appropriate authorities. Those statements were entirely appropriate and not a basis for disqualification.
Affirmed.