PER CURIAM.
The State of Florida, Department of Revenue (the Department), petitions this court for issuance of a writ of certiorari to reverse the order of the trial court directing James A. Pough, Jr., Sheritha K. Henderson, and a minor child to submit to DNA blood testing. We grant the petition and quash the trial court’s order.
The facts in this case are undisputed. Pough and Henderson engaged in a sexual relationship during a period of time that could have produced a child in 1989. Subsequently, Henderson gave birth to the minor child in 1989. Henderson listed Pough’s name on the birth certificate as the biological father of the child. The Department, on behalf of Henderson, filed a complaint to establish paternity and served Pough with the complaint. On February 21, 1991, the trial court rendered a final judgment of paternity, naming Pough as the biological father of the minor child.
In September 1997, Pough filed a petition to vacate the final judgment of paternity and to order DNA blood testing of Pough, Henderson, and the minor child. The basis for the petition, which admits the facts set out above, alleges that Henderson now believes that Pough is not the biological father of the minor child. A copy of an affidavit signed by Henderson is attached to Pough’s petition. Henderson’s affidavit, in part states:
*305 (4) It was only after entry of the Final Judgment of Paternity on February 18, 1991, that I have recently advised JAMES A. POUGH, JR. that he is not the biological father of [minor child].
(5) It is my present belief that JAMES A. POUGH, JR. is not the biological father of [minor child] d.o.b. 10-05-89.
Although there was a lined space in the affidavit to name the person Henderson believed to be the child’s biological father, Henderson left that line blank.
In response to the Department’s petition, Pough asserted that the Department did not have standing to challenge the petition because Henderson is not currently receiving monetary aid from the government on behalf of the minor child. We conclude that Pough’s argument fails for two reasons. First, an individual does not necessarily need to be a party to the trial court proceeding in order to obtain certiorari review if that individual has a sufficient interest in the subject matter of the challenged trial court order. See State ex rel. Boyles v. Parole & Probation Comm’n, 436 So.2d 207 (Fla. 1st DCA 1983). Because the Department was initially a party to the paternity action, we conclude that the Department has a sufficient interest in this matter to file its petition in this court. Second, the trial court’s order directs the Department to advance the cost for the DNA blood testing for all three persons, subject to a later hearing on taxation of these costs. Accordingly, the trial court’s directive to the Department to advance costs is sufficient to give the Department standing to file this petition. See Dade County v. Baker, 362 So.2d 151 (Fla. 3d DCA 1978) (holding that the county had standing to petition for certio-rari review of the trial court’s order after the trial court ordered it to pay fees for a special assistant public defender).
Both the Department and Pough agree that Florida Rule of Civil Procedure 1.540(b)(3) controls whether the paternity judgment can be set aside. That portion of the rule states:
Rule 1.540. Relief from Judgment, Decrees, or Orders
[[Image here]]
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
This, case is strikingly similar to State, Department of Revenue v. Harris, 684 So.2d 231, 232 (Fla. 2d DCA 1996), in which the trial court entered a paternity order in 1982, and subsequently, the mother executed an affidavit in 1995 stating that she was not sure if the named father was the biological father. In quashing the trial court’s order directing blood testing for the mother, the named father, and the child, this court stated that:
We hold that the trial court has no jurisdiction to consider setting aside the final judgment fourteen years after paternity has been determined. Pursuant to Florida Rule of Civil Procedure 1.540(b), a party must move for relief within a reasonable time after the entry of a judgment. In order to raise a claim for relief from judgment due to fraud after the one-year time frame announced in Rule 1.540(b) has expired, the fraud alleged must be extrinsic fraud rather than intrinsic fraud.
“Extrinsic fraud involves conduct which is collateral to the issues to be tried in a case.” Absent fraud upon the court, a paternity determination is res judicata. The fraud involved in this matter, if any, was intrinsic fraud and Harris is not entitled to relief.
Id. at 232-33 (citations omitted). See also Patton v. Department of Health & Rehabili *306 tative Servs., 597 So.2d 302 (Fla. 2d DCA 1991); Miller & Department of Health & Rehabilitative Servs. v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989).
Pough argues that this court should follow M.A.F. v. G.L.K., 573 So.2d 862 (Fla. 1st DCA 1990). In M.A.F., the First District Court noted that the wife concealed from her husband, during the dissolution proceeding, the fact that the husband was not the father of the children born during the marriage. See id. at 863. Under those facts, the First District Court concluded that the action by the wife constituted extrinsic fraud upon the court; therefore, the husband’s petition to vacate child support provisions in a settlement agreement filed in the dissolution action was not barred by the doctrine of res judicata or the one-year limitation provision of rule 1.540(b). See id.
Without deciding whether this court agrees with the result in M.A.F., we note that the case is factually distinguishable. In this case, there was no evidence in the record that Henderson committed fraud on the court in 1991. She only alleges in her affidavit that her current belief is that Pough is not the biological father of the minor child. In DeVaughn v. Department of Revenue, Clara Brown, 691 So.2d 11, 12 (Fla. 4th DCA 1997), the Fourth District Court declared void a trial court order vacating the alleged biological father’s income deduction order, stating: “Absent fraud on the court, the trial court did not have jurisdiction to set aside the 1982 judgment of paternity more than one year after its rendition.” Accordingly, in this case, the subsequent blood testing of Pough, Henderson, and the minor child will not change any monetary obligations Pough may have to this minor child without evidence that Henderson committed a fraud on the court at the time she participated in the original paternity action.
Therefore, we grant the petition for writ of certiorari and quash the order of the trial court.[1] We remand this matter for further proceedings in accordance with this opinion.
PARKER, C.J., and FRANK and NORTHCUTT, JJ., concur.

. We also note that the trial court erred by failing to determine the child’s best interest and by failing to appoint a guardian ad litem to represent the child’s interest. As noted in State, Department of Revenue v. Harris, 684 So.2d 231, 233, n. 1 (Fla. 2d DCA 1996):
[I]n ordering the HLA blood test, the trial court has failed to follow the strict requirements established by the supreme court in Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). Specifically, there has been no finding that the child’s best interests will be served even if the blood test later proves the child’s factual illegitimacy. Id., 617 So.2d at 308...
Further ... there is no evidence that a guardian ad litem was appointed to represent the interests of the child in this matter. Pri-vette requires such protection for the child when a party requests blood tests.