PER CURIAM.
Appellants, the Department of Revenue and Patricia D. Ward, appeal an order in which the lower court vacated prior judgments that were based in part upon the determination that appellee, David Speights, was the father of Térrica Speights, and awarded attorney’s fees to Speights. Appellants challenge the lower court’s finding that Ward committed extrinsic fraud in obtaining the determination of paternity, and contend there was no statutory authority for the fee award. We reverse and remand with directions.
After DNA testing in 2001 showed that Speights was not Terrica’s father, Ward admitted that she had been knowingly untruthful in 1991, when she filed a sworn complaint to establish paternity and a paternity affidavit averring that no other man than Speights could be the father. She was, in fact, having a sexual relationship with another man.at the time. Having no cause to believe that Ward was being dishonest, Speights did not litigate the issue of paternity and instead executed a stipulation admitting same, and when the parties divorced in 1993, Speights was ordered to pay child support. Finding that Ward’s 1991 averments constituted extrinsic fraud, the lower court vacated the final judgment of paternity; an income deduction order; portions of the final judgment of dissolution having to do with Terriea’s custody, visitation, and child support; an authorization of payroll deduction; and any other orders adjudicating parentage, custody, or child support with regard to Térrica. The court also directed Ward to pay Speights’ attorney’s fees.
The lower court erred by determining that Ward’s representations re: garding her daughter’s paternity constituted extrinsic rather than intrinsic fraud. In DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), the court reversed a decision of the Fourth District finding that the husband had committed extrinsic fraud by filing false financial affidavits upon which the wife relied when entering into a marital settlement agreement. The supreme court concluded that the husband’s misrepresentations-.were intrinsic fraud, because the false affidavits were part of the record in the dissolution proceeding, and the husband’s net worth was “a matter before the court for resolution and could have been tried.” Id. at 380. In contrast, “[ejxtrin-sic fraud involves conduct which is collateral to the issues tried in a case.” Id. at 377. “The cases distinguish between false and misleading information being presented on an issue to be tried and conduct which prevents a party from trying the issue.” Id. at 380.
In the case at bar, Ward and the Department filed the complaint to establish paternity and the accompanying paternity affidavit on July 3, 1991. Speights and Ward filed the stipulation of paternity on August 20, 1991, whereupon the court issued the final judgment of paternity. Accordingly, Ward’s false representation was not collateral to the paternity proceeding, but was central to it. The court in DeClaire emphasized that filing false affidavits during court proceedings cannot be considered extrinsic fraud without “substantially expanding the grounds on which final judgments may be attacked,” undermining the principle of finality. Id.
The lower court relied upon M.A.F. v. G.L.K, 573 So.2d 862 (Fla. 1st DCA 1990), wherein this court held that in a dissolution proceeding involving child support, it is extrinsic fraud for a wife to knowingly conceal that her husband is not the father of her children. Id. at 863. The parties’ marital status distinguishes M.A.F. from the case at bar. This court cited the husband’s right to rely on the presumption of legitimacy of children born ■ during the *75 marriage: “A husband has no affirmative duty in a divorce proceeding to question the virtue of his wife and the legitimacy of his children absent a sound basis to doubt otherwise.” Id. Paternity .was not at issue in the parties’ dissolution, because the husband never doubted that he was the father; thus, the wife’s deceit was collateral to the proceeding. In the case at bar, however, Ward filed a paternity action against Speights, and her fraudulent representation related to the central issue of paternity; therefore, it constituted intrinsic fraud.
Under Florida Rule of Civil Procedure 1.540(b)(3), Speights cannot obtain relief from judgments entered more than a year before he filed his action.
REVERSED and REMANDED for further proceedings consistent with this opinion, including reconsideration of appellee’s motion for attorney’s fees.
ERVIN, ALLEN and LEWIS, JJ., CONCUR.