395 So.2d 640 (1981)
Debra S. JOHNSON, Appellant,
v.
Danny P. JOHNSON, Appellee.
Evelyn Aasen RIGGS, Appellant,
v.
Paul W. RIGGS, Appellee.
Nos. 80-1779, 80-1778.
District Court of Appeal of Florida, Second District.
March 25, 1981.
Geraldyne H. Carlton, of Carlton & Carlton, P.A., Lakeland, and Robert C. Miller, Bradenton, for appellants Johnson and Riggs.
John D. Pettigrew, Palmetto, and Douglas A. Wallace, Bradenton, for appellees Johnson and Riggs.
SCHEB, Chief Judge.
Petitioners each seek a writ of certiorari.
*641 Prior to entry of the challenged orders, the trial court had entered final judgments of dissolution of marriages in each of these cases. It had dissolved the Johnson marriage on April 19, 1977, and the Riggs marriage on February 23, 1976.
In the Johnson case the former husband signed a stipulation agreeing to support the minor child born during the marriage. In the Riggs case the former husband entered into a property settlement agreement with his former wife in which he agreed to pay child support for the minor child born during that marriage. The court approved both the stipulation and the property settlement agreement and awarded child support in each case. Neither judgment was appealed.
In 1979 each of the former wives filed a petition for enforcement of child support. Each husband responded by requesting the court to order his former wife and her child to submit to physical examinations to determine their blood types. The husbands were attempting to exclude themselves as the fathers of the children on the basis of the newly developed Human Leukocyte Antigen blood test. On August 28, 1980, the trial court, in each case, ordered the wife and child to submit to physical examinations.
Each of the wives now seeks a writ of certiorari on the ground that the court departed from the essential requirements of law in ordering her and her child to submit to physical examinations to determine paternity more than three years after the judgment of dissolution. We agree.
If a husband has doubts concerning the paternity of a child born during the marriage, he should raise and resolve that question during the dissolution proceedings. Here, the issue of each child's paternity was resolved in the final judgments of dissolution. Those judgments are res judicata inasmuch as they involved an identity of causes of action and parties and involved the same issue as the husbands now attempt to relitigate. De Weese v. Unick, 102 Cal. App.3d 100, 162 Cal. Rptr. 259 (1980); see Matthews v. Matthews, 133 So.2d 91 (Fla.2d DCA 1961). Therefore, the final judgments bar any redetermination of the paternity of either child.
Recently, scientific advances have provided an additional method to assist courts in determining paternity. The husbands correctly state that Human Leukocyte Antigen blood tests are now admissible in paternity litigation. McQueen v. Stratton, 389 So.2d 1190 (Fla.2d DCA 1980); Carlyon v. Weeks, 387 So.2d 465 (Fla. 1st DCA 1980). Nevertheless, this does not authorize a court to reopen proceedings and relitigate matters previously resolved. To allow former husbands to come into court long after entry of final judgment and challenge the legitimacy of children born during their marriages would be chaotic at best. In addition, to require former wives and their children to submit to blood tests would, in many instances, be a humiliating experience for them.
Accordingly, we vacate the orders entered in these consolidated cases and remand to the trial court for further proceedings consistent with this opinion.
OTT and RYDER, JJ., concur.