411 So.2d 933 (1982)
Pamela M. LEWIS and the Florida Department of Health and Rehabilitative Services, Appellants,
v.
Sammuel MACK, Appellee.
No. 81-943.
District Court of Appeal of Florida, Second District.
March 19, 1982.
*934 Geraldyne H. Carlton of Carlton & Carlton, Lakeland, for appellants.
No Appearance for appellee.
PER CURIAM.
Reversed. The trial court did not have jurisdiction when it set aside a final judgment of paternity more than one year after its rendition absent fraud upon the court. Florida Rule of Civil Procedure 1.540(b); Pilz v. Pilz, 395 So.2d 591 (Fla. 2d DCA 1981). The court was not authorized to reopen proceedings and relitigate matters previously finally resolved Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). Moreover, when a final judgment has been rendered, a second judge may not redecide the same case. Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981).
Accordingly, Judge Strickland's order setting aside Judge Stokes' final judgment of paternity is REVERSED and the cause REMANDED with directions to reinstate the original final judgment.
SCHEB, C.J., and BOARDMAN and SCHOONOVER, JJ., concur.