PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals a nonfinal order directing Jeffery Chambers and Grace Johnson to submit to blood tests for the purpose of determining the paternity of a child. We treat the appeal as a petition for writ of certiorari and grant the writ.
Pursuant to chapter 39, Florida Statutes (1983), a petition was filed in the Hillsbor-ough County Circuit Court on July 6, 1978, requesting the court to adjudicate Reginald Chambers a dependent child. The child had been receiving public assistance from the state of Florida.
Several days later, Chambers signed an acknowledgment of paternity and agreed to have an order entered by the court requiring him to support the child. In addition to the acknowledgment, Chambers signed a stipulation with the Child Support Enforcement Division of HRS agreeing to pay $20.00 per week child support beginning on July 24, 1978. The court, thereafter, entered an order finding the child dependent and directing Chambers to pay the stipulated amount of support.
In 1984, Chambers filed a motion to vacate the order of support and acknowledgment of paternity. At the hearing on the motion, Grace Johnson, Reginald’s mother, testified that Chambers may not be the father of the child because she “had dealings with another man” and because “Jeffery says he is sterile.” Chambers testified that he could not have fathered the child as he was incarcerated at the time Grace Johnson became pregnant. Chambers further alleged that his mother informed him that he may be sterile due to a childhood disease.
The court scheduled a second hearing to allow an appearance by HRS.[1] No addi *1360 tional testimony was presented at the later hearing but HRS argued that the paternity matter was rendered res judicata by the 1978 proceedings. Nonetheless, the court granted Chambers’ request for the Human Leukocyte Antigen (HLA) blood tests and held in abeyance all child support until further order of the court.
We agree with HRS that the court departed from the essential requirements of law in ordering the blood tests. The paternity question was resolved six years ago by Chambers’ acknowledgment of paternity and by the court’s order awarding child support. As such, res judicata principles preclude Chambers from now attempting to relitigate the same issue. Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). In Johnson, while we recognized the current admissibility of the HLA tests in paternity litigation, we held that that did not authorize the court to reopen proceedings and relitigate matters previously decided.
Accordingly, we vacate the order entered herein and remand for proceedings consistent with this opinion.
RYDER, C.J., DANAHY, J., and FO-GLE, HARRY W., Associate Judge, concur.

. Section 409.2561, Florida Statutes (1983), provides, in pertinent part, as follows:
(3) By accepting public assistance for, or on behalf of a dependent child, the recipient is deemed to have made an assignment to the department of any right, title, and interest in any child support obligation owed to or for that child up to the amount of public assistance money paid for, or on behalf of, the dependent child. The recipient is also deemed to have appointed the department as his attorney in fact to act in his name, place, and stead to perform specific acts relating to child support, including but not limited to:
(a)Endorsing any draft, check, money order, or other negotiable instrument representing child support payments which are received on behalf of the dependent child as reimbursement for the public assistance moneys previously or currently paid.
(b) Compromising claims.
(c) Pursuing civil and criminal enforcement of support obligations.
(d) Executing verified complaints for the purpose of instituting an action for the determination of paternity of a child born, or to be born, out of wedlock.
(4) The department shall be subrogated to the right of the dependent child or person having the care, custody, and control of the child to prosecute or maintain any support action or action to determine paternity or execute any legal, equitable or administrative *1360 remedy existing under the laws of the state to obtain reimbursement of public assistance paid, being paid, or to be paid.