498 So.2d 1008 (1986)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES OFFICE OF CHILD SUPPORT ENFORCEMENT, Appellant,
v.
Larry Alphonso WRIGHT, Appellee.
No. 85-2917.
District Court of Appeal of Florida, Second District.
December 10, 1986.
Geraldyne H. Carlton of Carlton & Carlton, Lakeland, for appellant.
Dennis A. Lopez of Rood and Associates, Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant appeals from a nonfinal order entered nine years subsequent to a final judgment of dissolution of marriage requiring a Human Leukocyte Antigens blood test to determine paternity.
Final judgment of dissolution of marriage of the wife, Joyce Wright, and appellee, Larry Wright, was entered on February 5, 1976. By the terms of the decree, the wife was awarded custody of "the minor child born of the marriage." Appellee was ordered to pay child support. At the time of dissolution, neither party contested the issue of paternity nor appealed the final judgment.
In 1985, appellant, HRS, initiated an action on behalf of the wife for an increase in child support. In defending the petition *1009 for modification of the final judgment, appellee asserted for the first time that he was not the biological father of the child. In support of denial of paternity, appellee submitted affidavits signed by Rudolph Harris, Jr., and Joyce Wright acknowledging that Harris was the child's biological father. The court ordered the wife and the child to submit to blood tests for the purpose of determining paternity. HRS appealed.
We treat this as a petition for certiorari as we did in Department of Health & Rehabilitative Services ex rel. Lara v. Lara, No. 86-638 (Fla. 2d DCA Oct. 8, 1986) [11 F.L.W. 2178], and Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). In those cases, as here, the final judgment of dissolution resolved the issue of paternity. Therefore, the issue is res judicata.
Appellee's reliance upon Florida Rule of Civil Procedure 1.540(b)(5) which states that a party may be relieved from a final judgment when "it is no longer equitable that the judgment or decree should have prospective application" is misplaced. This provision contemplates equities that have arisen after the final judgment rather than those which would have been defenses to the action. Hensel v. Hensel, 276 So.2d 227 (Fla. 2d DCA 1973).
On the authority of Lara and Johnson, we quash the order and remand for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.