546 So.2d 768 (1989)
Michelle MILLER and the Florida Department of Health and Rehabilitative Services, Petitioners,
v.
Michael G. COWART, Respondent.
No. 89-01132.
District Court of Appeal of Florida, Second District.
July 14, 1989.
Harold E. Barker of Carlton & Carlton, P.A., Lakeland, for petitioners.
No appearance by respondent.
PER CURIAM.
This is a petition for writ of certiorari to review an order which granted respondent's oral motion requesting a Human Leukocyte Antigen (HLA) blood test. For the reasons stated below, we grant the petition, quash the order, and remand for further proceedings.
In June 1985, petitioners filed a complaint to determine paternity, naming respondent as the putative father. Respondent was served with a summons and notice of hearing. The trial court's final order, dated October 1, 1985, adjudged respondent the legal and natural father of and imposed a duty to support the minor child. Thus, the court ordered respondent to pay $30 weekly as child support.
Petitioners filed a motion for contempt, dated January 30, 1989, alleging that respondent was in contempt of court for failure to pay child support in the amount of $4,891.60. The trial court entered an order, which is the subject of this petition, reflecting that respondent appeared at the hearing on the motion for contempt, denied paternity, and requested an HLA blood test. The trial court granted the request and ordered respondent, petitioner Miller, and the child to submit to HLA blood testing.
In Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981), two former wives sought review of orders which required them and their children to undergo HLA blood tests. In each case, the former husbands had previously been ordered to provide child support pursuant to final judgments of dissolution of marriage. The former wives had each filed petitions for enforcement of child support. The former husbands then sought HLA blood testing, *769 attempting to exclude themselves as fathers of the children. In quashing the trial court's order requiring the former wives and their children to undergo blood testing, this court stated:
If a husband has doubts concerning the paternity of a child born during the marriage, he should raise and resolve that question during the dissolution proceedings. Here, the issue of each child's paternity was resolved in the final judgments of dissolution. Those judgments are res judicata inasmuch as they involved an identity of causes of action and parties and involved the same issue as the husbands now attempt to relitigate. De Weese v. Unick, 102 Cal. App.3d 100, 162 Cal. Rptr. 259 (1980); see Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961). Therefore, the final judgments bar any redetermination of the paternity of either child.
Johnson, 395 So.2d at 641. See also State, Department of Health and Rehabilitative Services, Office of Child Support Enforcement, ex rel. Lara v. Lara, 504 So.2d 1 (Fla. 2d DCA 1986) (following Johnson).
We have also applied the reasoning in Johnson to a case with facts similar to the present matter. In Department of Health and Rehabilitative Services v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985), Chambers sought to vacate an order of support and acknowledgment of paternity that had been entered six years earlier. At the hearing on Chambers' motion, he testified that he was in prison at the time the mother became pregnant with the child and that his mother told him that he may be sterile from a childhood disease. The trial court granted Chambers' request for HLA blood testing. This court vacated the trial court's order, stating:
The paternity question was resolved six years ago by Chambers' acknowledgment of paternity and by the court's order awarding child support. As such, res judicata principles preclude Chambers from now attempting to relitigate the same issue. Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981).
Chambers, 472 So.2d at 1359. See also Lewis v. Mack, 411 So.2d 933 (Fla. 2d DCA 1982) (trial court may not relitigate matters previously resolved to set aside a final judgment of paternity more than one year after its rendition absent fraud upon the court).
We can discern no meaningful distinction between the present case and Chambers. If respondent had doubts about his paternity, he should have raised them at the paternity determination hearing. That issue was resolved four years ago. Absent fraud upon the court, the paternity adjudication is res judicata.
Accordingly, we grant the petition for writ of certiorari, quash the trial court's order, and remand for further proceedings not inconsistent with this opinion.
SCHOONOVER, A.C.J., and FRANK and THREADGILL, JJ., concur.