PER CURIAM.
In proceedings below the trial court dismissed a father’s complaint seeking a determination of paternity and custody of a minor. The trial court determined that jurisdiction was only proper in the county in which a judgment in a Title IV-D child support enforcement case had been entered. Appellant claims this was error. We agree and reverse.
HRS, on behalf of Patricia Thomas (natural mother), brought an action in Martin County against appellant for paternity and child support for Thomas’ child. The trial court in Martin County entered a final judgment establishing that appellant was the natural father and requiring him to pay Thomas child support. In its order the Martin County court retained jurisdiction for the purpose of determining the amount of reimbursement for past AFDC payments. Thereafter, appellant filed a suit in St. Lucie County to determine paternity and primary physical residence. Appellant is a St. Lucie County resident. Appellee Thomas resided in the Polk County jail at the time of the filing of complaint, but the agreed statement of facts indicated she resided in St. Lucie County at the time of the order dismissing it. At the time of the filing of the suit the minor child also resided in St. Lucie County. In the suit, appellant expressly acknowledged paternity. The trial court in St. Lucie County dismissed Eller’s suit on the basis that the proper jurisdiction was in Martin County, where paternity had been established by court order.
Appellee first argues that res judicata bars a new paternity determination. See Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989); Dep’t of Health & Rehab. Serv. v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985). Appellee correctly states the law, but this proposition does not justify dismissal here. Even though the complaint contains a request for determination of paternity, the remaining allegations of the complaint reveal that custody is really the only cause of action involved here. Appellant freely admits his paternity numerous times in the complaint. He is in no way requesting to relitigate paternity, but rather appears to be requesting simply an acknowledgment that he is the father of the child. While it is an established principle that a parent may not relitigate paternity after entry of a judgment establishing paternity, see Lewis v. Mack, 411 So.2d 933 (Fla. 2d DCA 1982), this is not the situation here, and the case should not have been dismissed on this basis.
Appellee next argues that the St. Lucie court properly dismissed the case, because the Martin County court still had jurisdiction over the custody issue. Appel-lee relies on Section 742.06, which states:
the court [which determines paternity] shall retain jurisdiction of the cause for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require.
Appellee further relies on Brown v. Bray, 300 So.2d 668 (Fla.1974), which interprets the above statute as including issues of custody. However, according to Section 742.011, the only people who have standing to bring Chapter 742 paternity actions are:
Any woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child ...
Since HRS brought the action, the case in Martin County was not a Chapter 742 proceeding.
Appellant correctly points out that the Martin County ease was a Chapter 409 proceeding brought by a Title IV-D agency, namely HRS, and that custody may not be addressed in such a proceeding. Section 409.2564(5), Florida Statutes, states:
Whenever the IV-D agency [HRS] has undertaken an action to determine paternity, to establish an obligation of support, or to enforce an obligation of support, the IV-D agency shall be a party to the action only for those purposes allowed under Title IV-D of the Social Security Act. The program attorney ... may prosecute only those activities which are eligible for federal financial participation under Title IV-D.
*482 Custody is not an issue addressed in Title IV-D (42 U.S.C. § 651-666), entitled “Child Support and Establishment of Paternity,” and as such Section 409.2564 would bar HRS from pursuing the custody issue. Accordingly, the Martin County court would not have continuing jurisdiction to hear that issue. Furthermore, in its order the Martin County court only reserved jurisdiction for the limited purpose of establishing the amounts of past AFDC payments.
The proper venue for purposes of a custody action was St. Lucie County since all parties resided there. See § 47.011, Fla. Stat. (1989). Thus, the trial court erred in dismissing this action, and we reverse and remand for its reinstatement and further proceedings thereon.
GUNTHER and WARNER, JJ., concur.
FARMER, J., concurs in result only.