593 So.2d 1215 (1992)
Mary WALDEN and Florida Department of Health & Rehabilitative Services, Appellants,
v.
Eddie L. MUNSON, Jr., Appellee.
No. 91-01938.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Amanda Traweek of Carlton & Carlton, Lakeland, for appellants.
No appearance for appellee.
DANAHY, Acting Chief Judge.
The appellants have filed this interlocutory appeal from an order of the trial court directing the individual appellant and the appellee to submit to a Human Leukocyte Antigen (HLA) blood test. The order was entered on an oral motion by the appellee for relief from a final judgment of paternity. We reverse.
The Florida Department of Health and Rehabilitative Services (HRS) brought a complaint in 1987 against the appellee to determine paternity on behalf of the appellant Mary Walden. The appellee was personally served with the complaint on August 3, 1987, and a final hearing on the complaint was held on October 21, 1987. A final judgment of paternity was entered on November 9, 1987. By this judgment, the appellee was found to be the legal father of Eddie Munson born on March 15, 1987. No party appealed the final judgment.
The final judgment of paternity had set no child support but had reserved jurisdiction to the trial court to do so at a later time. In 1990 HRS filed a petition to modify to set an amount of ongoing child support. The petition was served on the appellee on February 16, 1990. The appellee filed a responsive pleading dated February 19, 1990, denying paternity and seeking HLA testing and mentioning that he had been "locked up" during the years 1987, 1988 and 1989.
A hearing on the question of child support was held on April 11, 1990, and a final order of child support was entered on April 18, 1990, setting child support in the *1216 amount of $41.30 per week. No appeal was taken from that order.
The activity resulting in the order under review was a motion for contempt which was heard by the trial court on April 11, 1991. The appellee appeared at this hearing and testified that he had always disputed the paternity of the child, Eddie Munson, and had verbally sought relief from the final judgment of paternity at other enforcement hearings. The trial court permitted the appellee to make an oral motion for relief from the final judgment of paternity. In the order under review, the trial court reserved jurisdiction to consider setting aside the final judgment of paternity upon receipt of the results of HLA blood tests and ordered the parties to submit to that test.
We consider the issue here to be governed by our holding in Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989). In Miller, as in this case, the order requiring HLA blood tests was entered four years after the entry of a final judgment of paternity. As we said in Miller, if the appellee had doubts about his paternity, he should have raised them at the paternity determination hearing. He could have done so notwithstanding his incarceration at that time. The issue of paternity was resolved four years ago. Absent fraud upon the court, the paternity adjudication is res judicata. The appellee has demonstrated no grounds for relief from the final judgment of paternity pursuant to rule 1.540, Florida Rules of Civil Procedure.
We reverse and remand for further proceedings.
THREADGILL, J., and CASE, JAMES R., Associate Judge, concur.