615 So.2d 176 (1993)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Deborah Jeanette Daniels, Appellants,
v.
Greg Scott DAY, Appellee.
No. 92-01982.
District Court of Appeal of Florida, Second District.
February 24, 1993.
Charles L. Carlton of Carlton & Carlton, P.A. Lakeland, for appellants.
J. Andrew Press, Clearwater, for appellee.
FRANK, Judge.
This appeal arises from the trial court's order denying Deborah Jeanette Daniels' petition to set aside an order compelling an HLA (human leukocyte antigen) blood test *177 in this paternity action. Because the prior paternity adjudication is res judicata, we reverse.
Pursuant to a stipulation signed by Gregg Scott Day, the Pinellas County Circuit Court entered a judgment on June 24, 1984, determining that Day was the natural father of Christopher Michael Day. Eight years later, after Daniels had filed a motion for contempt for non-payment of child support, Day filed a motion to vacate the final judgment, alleging that a fraud had been committed upon the court. As a foundation for this assertion, Day stated that he had a history of extreme alcohol abuse, that his intellectual capacity had been diminished, and that he had undergone treatment for alcoholism in 1991. Day also alleged that he had a biological defect that would have prevented him from producing viable sperm at the time Christopher was conceived. Upon this set of allegations the child support hearing officer concluded that there "may" have been a fraud upon the court and ordered the parties to undergo HLA blood testing.
"Absent fraud upon the court, the paternity adjudication is res judicata." Miller v. Cowart, 546 So.2d 768, 769 (Fla. 2d DCA 1989). Day's motion alleges absolutely no facts, however, indicating that Daniels perpetrated a fraud. In fact, Day's allegations are substantially similar to the contentions put forth in Department of Health and Rehabilitative Services v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985), also held insufficient to order HLA blood testing. Even the hearing officer's order is ambivalent about the existence of wrongdoing, stating there may have been a fraud. This weak conclusion, together with the allegations upon which it is premised, is insufficient to reopen the previously adjudicated question of paternity.
Accordingly, the order under review is reversed.
SCHOONOVER, A.C.J., and PARKER, J., concur.