PER CURIAM.
In this appeal, the ex-husband argues that the trial court erred in denying his motion under rule 1.540(b) for partial relief from final judgment of dissolution of marriage. We affirm.
The ex-husband mainly argues that the ex-wife committed a fraud on the issue of paternity. We do not agree because our review of the record convinces us that while the dissolution proceeding was still pending, he already had doubts over whether he was the father of the child in question due to rumors he had heard. Before the dissolution was final, he ordered blood tests, which were inconclusive.
However, the ex-husband did not take the additional step of obtaining HLA testing pri- or to entry of the final judgment of dissolution of marriage. In fact, he signed a stipulation and agreement that indicated he was the father of the child in question. The final judgment incorporated this stipulation by reference. Only several months after entry of final judgment did he decide to seek HLA testing.
We recognize that our affirmance may have the harsh result of requiring the ex-husband to pay child support for a child that may have been fathered by another man. However, the fact remains that for reasons known only to the ex-husband, he chose not to contest paternity before entry of final judgment although at the time he had reason to believe that he might not have been the child’s father. Under this circumstance, he should have raised the paternity issue prior to entry of final judgment of dissolution of marriage. Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989).
DANAHY, A.C.J., SCHOONOVER, J., and GALLEN, THOMAS M., Associate Judge, concur.