684 So.2d 231 (1996)
STATE of Florida DEPARTMENT OF REVENUE on Behalf of Jacqueline CURRENT, Petitioner,
v.
Charles Edward HARRIS, III, Respondent.
No. 96-01488.
District Court of Appeal of Florida, Second District.
November 27, 1996.
*232 Amanda Traweek, Carlton & Carlton, P.A., Lakeland, for Petitioner.
Gregory K. Showers, Kwall & Showers, P.A., Clearwater, for Respondent.
PER CURIAM.
The Department of Revenue on behalf of Jacqueline Current has filed a petition for writ of certiorari asserting that the trial court departed from the essential requirements of law when it ordered the child, the mother, and Charles Edward Harris III (hereinafter "Harris"), to undergo HLA blood testing to determine whether Harris is the biological father of Charles Edward Harris IV. We hold that the court has erred and grant the petition.
On February 2, 1982, a final judgment determining paternity was entered declaring Harris to be the father of Charles Edward Harris IV. The ruling was based upon an affidavit executed by Harris in 1981 acknowledging that he was the child's father. On March 12, 1996, the trial court entered an order on the Motion to Set Aside Final Judgment in which Harris questions the paternity of the child. The order requires the parties to submit to HLA blood testing.
The event which triggered the filing of the motion to set aside the judgment was the mother's execution of an affidavit on June 16, 1995, in which she stated that she is not sure if the father of the child is Harris or an individual named Daryl Brown. In his motion to set aside the final judgment, Harris argued that the affidavit was additional information to which Harris and the court were not privy in 1982. It is asserted that the mother's withholding of information about her doubts concerning the paternity of the child constitutes a fraud upon the court.
We hold that the trial court has no jurisdiction to consider setting aside the final judgment fourteen years after paternity has been determined. Pursuant to Florida Rule of Civil Procedure 1.540(b), a party must move for relief within a reasonable time after the entry of a judgment. In order to raise a claim for relief from a judgment due to fraud after the one-year time frame announced in Rule 1.540(b) has expired, the fraud alleged must be extrinsic fraud rather than intrinsic fraud.
*233 "Extrinsic fraud involves conduct which is collateral to the issues to be tried in a case." DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984). Absent fraud upon the court, a paternity determination is res judicata. See Department of Health & Rehabilitative Services v. Day, 615 So.2d 176 (Fla. 2d DCA 1993); Walden v. Munson, 593 So.2d 1215 (Fla. 2d DCA 1992); Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989); Lewis v. Mack, 411 So.2d 933 (Fla. 2d DCA 1982); Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). The fraud involved in this matter, if any, was intrinsic fraud and Harris is not entitled to relief.[1]
Accordingly, the petition for writ of certiorari is granted and the order of the trial court is quashed. This matter is remanded for further proceedings in accordance with this opinion.
CAMPBELL, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] Additionally, in ordering the HLA blood test, the trial court has failed to follow the strict requirements established by the supreme court in Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). Specifically, there has been no finding that the child's best interests will be served even if the blood test later proves the child's factual illegitimacy. Id., 617 So.2d at 308. The court's only reason for requiring the tests is its determination that the child should be aware, "for medical and genetic reasons," whether Harris is his father. The record before this court does not reveal that it is necessary at this time for the child to have this information.

Further, it must be noted that there is no evidence that a guardian ad litem was appointed to represent the interests of the child in this matter. Privette requires such protection for the child when a party requests blood tests.