691 So.2d 11 (1997)
Alphonso S. DeVAUGHN, Appellant,
v.
DEPARTMENT OF REVENUE and Clara Brown, Appellees.
No. 95-3471.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Rehearing Denied April 25, 1997.
*12 Alphonso S. DeVaughn, Boynton Beach, pro se.
No brief filed for appellees.
KLEIN, Judge.
Appellant asks us to vacate an order requiring him to pay child support, arguing that a prior court order absolving him of that responsibility should be reinstated. We affirm.
In 1982, the appellant admitted in court that he was the biological father of two children born in 1979 and 1980. The court entered an order based on his admission requiring him to pay child support at the rate of $82.40 per month. Sometime thereafter the childrens' grandmother became their primary residential custodian, and in 1991, the Department of Revenue filed a complaint against the appellant to establish child support. Appellant filed an answer alleging that one of the children was not his biological child. In that proceeding appellant requested a blood test, which the court permitted at appellant's expense, and the test showed that he was not the biological father of one of the children.
In 1994, Judge Fleet entered an order, based on the test, finding that appellant was not the natural father of one of the children, vacating the income deduction order which had been in effect, and reserving jurisdiction to enter further orders. Judge Fleet subsequently recused, and the successor judge referred the matter to a general master.
The master filed a report finding, among other things, that Judge Fleet did not have jurisdiction to interfere with the 1982 final judgment of paternity. The court adopted the report of the master, which vacated Judge Fleet's order. It is that order which appellant claims should be reversed.
We affirm. Absent fraud on the court, the trial court did not have jurisdiction to set aside the 1982 judgment of paternity more than one year after its rendition. Fla. R.Civ.P. 1.540(b). Lewis v. Mack, 411 So.2d 933 (Fla. 2d DCA 1982), and cases cited therein. The 1994 order was therefore void. Palm Beach County v. Boca Dev. Assocs. Ltd., 485 So.2d 449 (Fla. 4th DCA), rev. denied, 492 So.2d 1330 (Fla.1986).
GUNTHER, C.J., and WARNER, J., concur.