NORTHCUTT, Judge.
The Department of Revenue has appealed the trial court’s order setting aside a previously-entered final judgment of paternity. We treat the department’s appeal as a petition for writ of certiorari, and grant the petition[1].
The department, on behalf of Elizabeth Knight, filed a complaint to determine the paternity of her child and to establish the father’s child support obligation. The complaint alleged that Willie Simms was the child’s father. Simms was personally served with process on October 6, 1994. He failed to file any responsive pleadings, and the clerk entered a default in December 1994.. On March 6,1995, a hearing officer entered a recommended order adjudicating Simms to be the natural and legal father of Knight’s, child. The circuit court entered a final judgment on March 17, 1995, adopting and approving the hearing officer’s findings and recommendations. Simms never appealed this order, nor did he move to set it aside under Florida Rules of Civil Procedure 1.530 or 1.540(b).
In September 1996, Simms finally appeared in court. He requested that he, Knight and the child undergo genetic testing to determine if he was the child’s father. The hearing officer concluded that the previous order determining paternity should be set aside, pending the results of such testing. The circuit court again entered an order approving and adopting this recommendation.
In Miller v. Cowart, 546 So .2d 768 (Fla. 2d DCA 1989), the father attempted to deny paternity four years after the judgment establishing his paternity had been entered. We held that if the father had doubts about his paternity, he should have raised them at the paternity determination hearing. Because that issue ■ had been previously resolved, absent fraud on the court, the paternity adjudication was res judicata. See also State, Department of Health and Rehabilitative Services v. Opel, 620 So.2d 191 (Fla. 2d DCA 1993); Department of Health and Rehabilitative Services v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985); Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). The same reasoning applies here. In setting aside the final order determining paternity, the circuit court departed from the essential requirements of law.
Certiorari granted and order setting aside paternity determination pending genetic testing quashed.
BLUE, A.C.J., and WHATLEY, J., concur.

. We note that certain "non-final orders entered after final order on authorized motions” are reviewable on appeal. Fla. R.App. P. 9.130(a)(4). The interlocutory order in this case, however, was not entered on an authorized motion.