WOLF, Judge.
Petitioners argue that the trial court departed from the essential requirements of law by directing respondent, petitioner Sickles, and their minor child to undergo DNA testing to determine the child’s paternity seven years after respondent had already been adjudged the legal father of the child. We *1037 agree and quash the trial court’s order compelling the DNA tests, with directions that respondent’s motion to compel the tests be denied.
In 1990, respondent was adjudged the legal father of the minor child pursuant to a default final judgment of paternity. In September 1997, he filed a motion to compel blood tests alleging only that he had a reasonable basis to believe that he may not be the child’s father, arguing that section 742.12(1), Florida Statutes, mandated such tests in a paternity action on the request of a party and that the statute set forth no time limit for requesting such tests. Respondent did not, however, seek to have the 1990 paternity judgment vacated or set aside. At a hearing on the motion, respondent testified that he had been advised during petitioner Sickles’ pregnancy that he may not have been the child’s father, but that he had done nothing with the information until he noticed that the child looked nothing like him. The trial court granted respondent’s motion and directed the parties to submit to DNA testing to determine the paternity of the child, but the court did not vacate or set aside the 1990 paternity judgment.
In entering the order under review, the trial court departed from the essential requirements of law, potentially causing irreparable harm to the petitioners,, because the issue of the child’s paternity had already been determined in the 1990 paternity judgment. That issue cannot be relitigated at this point absent some allegation of extrinsic fraud committed on the trial court during those proceedings. See Department of Revenue v. Harris, 684 So.2d 231, 232-33 (Fla. 2d DCA 1996); Department of Health and Rehabilitative Servs. v. Day, 615 So.2d 176, 177 (Fla. 2d DCA 1993); Morgan v. Morgan, 466 So.2d 13 (Fla. 4th DCA 1985). At most, respondent’s testimony at the hearing on his motion to compel the tests could establish only a claim of intrinsic fraud, which could only have been brought within one year of the entry of the 1990 paternity judgment. See Harris, supra.
We, therefore, quash the trial court’s order directing respondent, petitioner Sickles, and their minor child to undergo DNA testing to determine the child’s paternity. We direct the trial court to deny respondent’s motion to compel the tests.
BARFIELD, C.J., and JOANOS, J., concur.