711 So.2d 247 (1998)
The STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Melissa MOSELEY, Appellant,
v.
Arthur KUNHARDT, Appellee.
No. 97-2503.
District Court of Appeal of Florida, Third District.
June 3, 1998.
*248 Robert A. Butterworth, Attorney General, and Barbara A. Ard, Assistant Attorney General, for appellant.
Arthur Kunhardt, in proper person.
Before GODERICH, GREEN and FLETCHER, JJ.
GREEN, Judge.
In this contempt proceeding for the nonpayment of child support, the Department of Revenue ("Department"), on behalf of the mother, Melissa Moseley, appeals an order denying its motion for rehearing of an order permitting DNA testing two years after the issue of paternity had been established through a final judgment of paternity. We reverse upon our conclusion that: (1) in the absence of a showing of fraud upon the court, the court lacked jurisdiction to permit a challenge to the judgment entered more than a year earlier; and (2) the issue of paternity was res judicata which could not be relitigated in this contempt proceeding.
On March 9, 1995, the Department o/b/o the mother commenced an action to determine Arthur Kunhardt's ("Kunhardt") paternity of a minor child and to seek child support. Kunhardt was personally served the complaint and summons on March 17, 1995. When he failed to respond to the complaint or otherwise appear, a default was entered against him on April 24, 1995. The Department then noticed a hearing which was set for June 14, 1995, on its complaint to determine paternity and the amount of child support. A copy of the notice of the hearing was mailed to Kunhardt at the same address to which service had originally been made upon him. Kunhardt failed to appear at the hearing. Paternity was ultimately established and child support was awarded in a judgment dated September 20, 1995.
In March 1996, the Department filed a motion for contempt, notice of hearing and notice to produce certain financial documents because Kunhardt failed to make the court ordered child support payments. Kunhardt was served through substituted service upon his mother at the same address where he was originally served. Kunhardt did not appear and the court granted the motion for contempt in an order dated May 9, 1996 and a writ of bodily attachment was issued for his failure to appear on this same date.
On July 1, 1997, Kunhardt appeared for a hearing after having been arrested under the writ. The lower court found at this hearing, however, that Kunhardt had not willfully failed to appear at the previous contempt hearing because he had been out of the country from November 1995 until June 1997. At this same hearing, Kunhardt made an ore tenus motion for DNA testing to challenge his paternity. This motion was granted by the court. The Department moved for a rehearing of the order granting DNA testing pointing out that the issue of Kunhardt's *249 paternity had previously been established. This motion was denied and this appeal followed.
We reverse the order denying rehearing and permitting DNA testing which seeks to relitigate the issue of Kunhardt's paternity. The issue of his paternity was established by a judgment entered over one and one-half years earlier. Absent a showing of fraud upon the court, not present on the record before us, a trial court is without jurisdiction to permit a challenge to a judgment of paternity more than one year after its rendition. See DeVaughn v. Department of Rev., 691 So.2d 11, 12 (Fla. 4th DCA), review denied, 700 So.2d 684 (Fla.1997); see also Fla. R. Civ. P. 1.540(b). Indeed, the issue of paternity is res judicata in this contempt proceeding for the nonpayment of the court ordered child support. See Department of Rev. on Behalf of Freckleton v. Goulbourne, 648 So.2d 856, 857 (Fla. 4th DCA 1995); see also Miller v. Cowart, 546 So.2d 768, 769 (Fla. 2d DCA 1989); Department of HRS v. Chambers, 472 So.2d 1358, 1360 (Fla. 2d DCA 1985); Johnson v. Johnson, 395 So.2d 640, 641 (Fla. 2d DCA 1981). Thus, having failed to step forward to defend the paternity action, after receiving due notice of the same, Kunhardt cannot attempt to relitigate this matter in this contempt proceeding eighteen months after the rendition of the judgment of paternity.
Reversed.