PER CURIAM.
In his petition for writ of certiorari, Michael Southwick challenges an order of the trial court that requires him to submit to additional scientific testing to determine paternity after the first test excluded him as the father of the child in question. We grant the petition for writ of certiorari, quash the order of the trial court, and direct that the trial court dismiss the paternity action with prejudice.
Section 742.12(5), Fla. Stat. (1997), provides:
Subject to the limitations in subsection (3), if the test results or the expert analysis of the inherited characteristics is disputed, the court, upon reasonable request of a party, shall order that an additional test be made by the same laboratory or an independent laboratory at the expense of the party requesting additional testing.
This statute imposes an obligation on the moving party to establish good cause before a successive test can be ordered. See, e.g., State Dep’t of Revenue, Child Support *33 Enforcement on Behalf of Vasquez v. Aguirre, 705 So.2d 990, 994 (Fla. 3d DCA 1998) (finding that scientific dispute among experts constituted good cause to require additional testing). We certify conflict with Morris v. Crawford, 718 So.2d 354 (Fla. 4th DCA 1998), to the extent that it suggests that good cause is established by a mother’s sworn allegation that the test results are inaccurate because she did not have sexual contact with other men at the time of conception.
Here, Anita Wuest, the mother, had requested a second test based upon her personal conviction that the first results had been inaccurate. She argued that South-wick and one other man were the only sexual partners she had during the period of conception nineteen years ago and that the other man had been scientifically excluded as the father when the child was an infant. Wuest admits that this information is not newly discovered evidence. She also argued that there was a physical resemblance between the child and Southwick.[1]
We hold that the trial court departed from the essential requirements of law in ordering the second paternity test, because Wuest has not shown good cause supporting such a test. We characterize Wuest’s reasons for requesting the second test as mere dissatisfaction with the results of the first test. Florida courts have disapproved of additional testing for more substantial reasons than those advanced by Wuest. See Department of Revenue on Behalf of Glover v. Smatt, 679 So.2d 1191 (Fla. 5th DCA 1996) (holding that the availability of more accurate test methods does not compel additional testing).
Because of the potential emotional impact this second test could have on the parties and the child, we likewise hold that Southwick has no adequate remedy on appeal and that certiorari jurisdiction was established. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995); see also L.A.L. v. D.A.L., 714 So.2d 595, 597 (Fla. 2d DCA 1998); Department of Revenue v. Byrd, 710 So.2d 1036, 1037 (Fla. 1st DCA 1998).
We grant the petition for certiorari, quash the order of the trial court mandating additional testing, and direct the trial court to dismiss this paternity action with prejudice. See § 742(4), Fla.Stat. (1997).
THREADGILL, A.C.J., and WHATLEY and GREEN, JJ., Concur.

. Wuest refused to provide a photograph of the child to Southwick's attorney, citing unspecified security concerns.