WHATLEY, Judge.
The State of Florida, Department of Revenue, and Patricia Baker, the mother, appeal an order setting aside Tony Sullivan’s child support obligation. We conclude that the trial court erred in finding that Sullivan was not the biological father of the child and in relieving Sullivan from any obligation to pay child support. We therefore reverse.
A final judgment of paternity was entered on January 17, 1986, which found that Sullivan was the legal and biological father of the child and that he had a duty to support the child. On December 10,1996, Sullivan filed a request asking the trial court to relieve him of his obligation to pay child support. Sullivan alleged that a private blood test showed that he was not the biological father of the child. After a hearing, the trial court found that, because Sullivan was not the biological father of the child, Sullivan .“is relieved of any obligation to pay child support, arrears, or retroactive child support in this matter.” This was error.
In DeVaughn v. Department of Revenue, 691 So.2d 11 (Fla. 4th DCA), review denied, 700 So.2d 684 (Fla.1997), the Fourth District Court of Appeal held that, absent fraud on the court, a trial court does not have jurisdiction to set aside a judgment of paternity more than one year after its rendition, even where a private blood test suggests that the party is not the biological fáther. 691 So.2d at 12. See Lathrop v. Lathrop, 627 So.2d 1317 (Fla. 2d DCA 1993); Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989). In the present case,, there was no showing of fraud on the court. Therefore, it was error for the trial court to find that Sullivan was not the biological father of the child. The paternity adjudication was res judicata. See DeVaughn; Miller.
The trial court also erred in relieving Sullivan of his obligation to pay past or future child support obligations and established arrearages. Once a trial court establishes arrearages in a judgment, those ar-rearages may only be reduced where there is a showing of exceptional circumstances or a party files a motion pursuant to Florida Rule of Civil Procedure 1.540(b). See Duncan v. Duncan, 598 So.2d 205 (Fla. 2d DCA 1992). Here, there is no evidence that the trial court considered either of these two factors before *1087 relieving Sullivan of his obligation to pay established arrearages.
Further, a trial court may modify child support only when there has been a substantial change in the parties’ circumstances. See Fisher v. Fisher, 722 So.2d 243 (Fla. 2d DCA 1998). Here, there was no showing of a substantial change in the parties’ circumstances. Therefore, it was error for the trial court to relieve Sullivan of his child support obligations. Accordingly, we reverse the order relieving Sullivan of his obligation to pay child support and established arrearages and remand for proceedings consistent with this opinion.
Reversed and remanded.
PARKER, C.J., and CASANUEVA, J., Concur.