761 So.2d 436 (2000)
FLORIDA DEPARTMENT OF REVENUE on Behalf of Lawanda SPARKS, Appellant,
v.
Elton EDDEN, Appellee.
No. 3D99-1614.
District Court of Appeal of Florida, Third District.
May 31, 2000.
*437 Robert A. Butterworth, Attorney General, and Jon J. Johnson, Assistant Attorney General (Tampa), for appellant.
Cain & Snihur and May L. Cain and Bridgett H. Harvey, for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
FLETCHER, Judge.
The State Department of Revenue has appealed an order in this action brought by Elton Edden to set aside a judgment of paternity. The order appealed denied the State's motion to dismiss and directed blood testing. We reverse.
In January 1986, Lawanda Sparks filed a paternity action against Edden to establish the paternity of her twin sons born out of wedlock. At the time, according to Edden's complaint, he "believed that [Sparks] had sexual intercourse with another person during the same period of time that she engaged in sexual relations with [Edden], but [Edden] was discouraged from taking a paternity test by his attorney during the proceedings." [R.120]. As a result of that 1986 action Edden has been paying child support. In January 1997 Edden brought this suit seeking to set aside the paternity judgment, alleging newly discovered evidence and fraud on the part of Sparks. The State moved to dismiss, arguing that under Rule 1.540(b)[1], Florida Rules of Civil Procedure, Edden had only one year from the date of the paternity judgment to bring his challenge, a correct argument as to reasons 2 and 3 of Rule 1.540(b). Edden countered that his action is predicated on extrinsic fraud upon the court,[2] thus is properly brought as an independent action pursuant to Rule 1.540(b).
*438 We conclude that Edden is barred by estoppel and res judicata from raising the issue of a fraud upon the court (alleged to be Sparks' submission of a false affidavit as to paternity [R.121]). When Sparks brought her 1986 paternity action Edden had reason to believe that he was not the biological father, and thus had the opportunity to defend against Sparks' allegations. By his own inaction he knowingly made possible the result in the 1986 paternity case.[3]
As a consequence the trial court's order is reversed and the cause remanded with instructions to grant the State's motion to dismiss.
NOTES
[1] Rule 1.540(b) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic).... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment decree, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court."
[2] "Absent a showing of fraud upon the court... a trial court is without jurisdiction to permit a challenge to a judgment of paternity more than one year after its rendition." State Dept. of Revenue, ex rel. Moseley v. Kunhardt, 711 So.2d 247 (Fla. 3d DCA 1998).
[3] See D.F. v. Department of Revenue, ex rel. L.F., 736 So.2d 782 (Fla. 2d DCA 1999)(Dissolution judgment ordering former husband to pay child support was res judicata on issue of paternity; the former husband had the knowledge and opportunity to litigate the paternity in the dissolution case.), rev. granted, No. SC96-288, 761 So.2d 328 (Fla. Feb. 23, 2000).