MAY, C.J.
The integrity of a Puerto Rican child support order is at issue in this appeal. The Department of Revenue (“DOR”) argues the trial court erred in vacating the Puerto Rican judgment of dissolution and child support, which had been registered in Florida under section 88.6011, Florida Statutes (2010). We agree and reverse.
The long history of this litigation began when the mother sought the dissolution of her marriage and child support from a Puerto Rican court in 1998. The Puerto Rican court found the father had been served by certified mail, specifically noting the father refused to receive the certified mail. Based on the mother’s testimony, the court found the father was employed and had a yearly income of $90,000. The court ordered the father to pay $1,931 per month in child support for two children.
In December 1998, the court heard the final dissolution, at which time the father appeared through counsel, but not in person. The father’s lawyer indicated the father was unemployed, lived in the United States, and could not afford to travel to the hearing. The father’s lawyer had the ability to cross-examine the wife. The court specifically found that the father had “been unjustifiedly [sic] delaying the proceedings.” The court entered the final judgment of dissolution on March 12, 1999, incorporating the prior findings on child support, but reducing the amount to $1,673 per month. There is no indication the father appealed any of the orders.
In October 2011, Puerto Rico transmitted a Registration Statement, requesting to register the Puerto Rican judgment in Florida, pursuant to the Uniform Interstate Family Support Act (“UIFSA”).[1] The Statement included a Certified Statement of Account showing an arrearage of $16,730.
The DOR filed a Notice of Registration of Foreign Order, which provided:
1. The attached registered order from Caguas County, State of Puerto Rico is enforceable as of the date of registration in the same manner as an order issued by a court of this state. This is to inform you that:
(a) YOU HAVE 20 DAYS AFTER THE DATE OF MAILING OR PERSONAL SERVICE OF THIS NOTICE, TO REQUEST A HEARING TO CONTEST THE VALIDITY OR ENFORCEMENT OF THE ATTACHED REGISTERED ORDER. A PHONE CALL WILL NOT PROTECT YOU.
(b) Failure to contest the validity or enforcement of the attached registered order in a timely manner will result in confirmation of the order and enforcement of the order and the arrearages and precludes further contest of the attached order with respect to any matter that could have been asserted.
The Notice further informed the father that he could file a written response. The father failed to file a written response, motion, or pleading. Pursuant to statute, the foreign order was registered. The *1208 DOR initiated enforcement proceedings against the father.
The DOR filed three motions for contempt. At each of the three hearings, the father appeared pro se, argued he could not afford to pay the ordered child support, but never contested the validity of the child support order. Each time, a hearing officer recommended the father be found in contempt, established a new ar-rearage, and provided for a period of incarceration and a purge amount. Each time, the trial court ratified and approved the recommendation; the father did not appeal these orders.
When the DOR filed a notice of intent to seek the suspension of the father’s driver’s license, the father filed an emergency motion in opposition. The hearing officer recommended that the father’s driver’s license be suspended due to the child support arrearage. The trial court ratified and approved the recommendation.
In July 2010, the father, through an attorney, filed an “Urgent Verified Motion To Reinstate Passport Privileges, Affidavit in Support of Urgent Motion, and Verified Petition For Relief From Judgment And To Contest Child Support Arrearage And Passport Denial.” In summary, the petition alleged that the wife’s testimony in the dissolution proceedings concerning the father’s income was false and perjurious. The father filed an affidavit outlining the history of the dissolution and child support from his perspective, in which he claimed never to have made $90,000 per year. He also attested to his attempts to resolve the child support arrearage.
The DOR filed a Response in which it argued: (1) the father had appeared in Florida court at least four times and never challenged the validity of the child support order or the orders establishing his child support arrearage; (2) the father failed to timely contest the validity or enforcement of the UIFSA registration of the child support order as required by sections 88.6051 and 88.6061, Florida Statutes (2010); and (3) the trial court lacked jurisdiction to invalidate a divorce decree rendered in Puerto Rico.
At the hearing on the father’s motions, the father’s counsel simply argued the contents of the motion, supported by the father’s affidavit. No other testimony or evidence was introduced. In September 2010, the trial court ruled on the father’s motion. The court was “satisfied that fraud was committed by Respondent/Former Wife in the obtaining of the Puerto Rican decree and determination of child support.” The court then determined that “child support in the Puerto Rican decree is set aside and made null and void as well as any judicial determinations of arrearag-es based thereof.”
Although the court found it had “no authority or jurisdiction to deal with the passport issue, as exclusive jurisdiction thereof is in the Federal Courts,” the court nonetheless ordered the DOR to cooperate in reinstating the father’s passport by providing certification to the Secretary of Health and Human Services (“HHS”) of the new $0 arrearage so that the HHS Secretary could notify the Secretary of State to remove the father’s name from the certified list and reinstate his passport. The DOR appeals the order vacating the judgment.[2]
The issue is whether the trial court had the authority to vacate the child support order. We review orders vacating judgments for an abuse of discretion. Freemon v. Deutsche Bank Trust Co. *1209 Americas, 46 So.3d 1202, 1204 (Fla. 4th DCA 2010).
“Florida has adopted the Uniform Interstate Family Support Act (UIF-SA), Chapter 88, Florida Statutes. The purpose of reciprocal acts ... is to improve and extend by reciprocal legislation the enforcement of duties of support.” Dep’t of Revenue v. Sloan, 743 So.2d 1131, 1133 (Fla. 5th DCA 1999) (footnote omitted). Once a support order is registered in Florida, it has the same effect as a Florida order. § 88.6031(2), Fla. Stat. (2010).
If a party contests the validity or enforcement of a registered order, they “shall request a hearing within 20 days after notice.” § 88.6061(1), Fla. Stat. (2010). That party “has the burden of proving one or more of the following defenses: ... (b) The order was obtained by fraud....” § 88.6071(1) Fla. Stat. (2010). Here, the former husband neither requested a hearing within twenty days nor pled or proved a basis to object to the registration. The order was properly registered.
Rule 1.540 of the Florida Rules of Civil Procedure gives a trial court the authority to provide relief from a judgment. Specifically, the rule provides, “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reason[]: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic).... ” Fla. R. Civ. P. 1.540(b). Here, the father alleged the Puerto Rican judgment was invalid due to the false and “perjurious” representations of the mother concerning his income.
“In order to raise a claim for relief from a judgment due to fraud after the one-year time frame announced in Rule 1.540(b) has expired, the fraud alleged must be extrinsic fraud....” Dep’t of Revenue v. Harris, 684 So.2d 231, 232 (Fla. 2d DCA 1996). Our supreme court has explained “that perjury or even subornation of perjury does not constitute extrinsic fraud.” Fair v. Tampa Elec. Co., 158 Fla. 15, 27 So.2d 514, 515 (1946) (citations omitted). “ ‘Extrinsic fraud involves conduct which is collateral to the issues to be tried in a case.’ ” Harris, 684 So.2d at 233 (quoting DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984)).
The only allegation of fraud is the mother’s testimony concerning the father’s income. Such fraud is of the intrinsic nature. As such, the former husband has failed to allege the kind of extrinsic fraud that can overcome the one-year limitation on motions under rule 1.540.
The father’s attempt to vacate the child support order fails for three reasons. First, the father’s motion was untimely under both section 88.6061 and rule 1.540. Second, his attack upon the registered order at best created an issue of fact between his testimony and that of his former wife; it did not prove fraud. Third, the father waived any collateral attack on the child support order by participating in three contempt hearings without once raising any issue of its validity or appealing the contempt orders. Dep’t of Health & Rehabilitative Servs. v. Ledford, 621 So.2d 682, 684 (Fla. 4th DCA 1993) (holding that father’s failure to object to child support for seven years and failure to appeal contempt orders constituted waiver). Here, the trial court vacated a twelve-year-old order based upon nothing more than an allegation of “intrinsic” fraud. It erred in doing so.
The trial court recognized that it had no authority or jurisdiction to deal with the passport issue. Yet, the court ordered the DOR to advise the HHS Secretary that the father had a “0” arrearage in child support in an attempt to reinstate the *1210 father’s passport. Because the court lacked the authority to set aside the child support order, the additional directive to the DOR must also be reversed.

Reversed and Remanded.

GROSS and DAMOORGIAN, JJ., concur.

. §§ 88.0011-88.9051, Fla. Stat. (2010).

. The parties submitted statements pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). The court adopted the father’s statement of proceedings.