PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals from an order granting appellee’s motion for Human Leukocyte Antigens (HLA) testing to determine paternity. We reverse.
On October 12, 1981, a final judgment of paternity was entered against appellee based upon his acknowledgment of paternity and agreement to pay a nominal amount of child support. Appellee neither appealed the final judgment of paternity nor sought relief from the final judgment pursuant to rule 1.540, Florida Rules of Civil Procedure.
On March 15, 1998, appellee wrote the court a letter in which he requested a blood test to determine paternity. In his letter he indicated that at the time he signed an agreement acknowledging his paternity and agreeing to pay support he was unaware of the availability of HLA testing as a means to disprove paternity. The trial court treated appellee’s letter as a motion for HLA testing and granted his request.
The trial court entered its order more than twelve years after entry of a final judgment determining paternity. Appellee’s letter, at best, indicates his uncertainty as to whether he is the father of the child. The absence of a pending action to set aside the final judgment of paternity requires us to reverse the trial court’s order directing HLA testing.
REVERSED.
DELL, C.J., and GLICKSTEIN and KLEIN, JJ., concur.