PER CURIAM.
Adrian P. Henderson appeals the summary denial of his motion for posteonviction relief. Of the several allegations raised, we hold that only one may potentially have merit. Therefore, we reverse and remand for further consideration only of the claim that counsel was ineffective for failing to object to the prosecutor’s improper comment on Henderson’s failure to call witnesses.
When available and competent witnesses are equally available to both parties, no inference should be drawn or comments made concerning the failure of either party to call the witness. State v. Michaels, 454 So.2d 560, 562 (Fla.1984); Clarington v. State, 636 So.2d 860, 862 (Fla. 3d DCA 1994); cf. Amos v. State, 618 So.2d 157, 162-63 (Fla.1993).
The trial court’s order fails to address Henderson’s claim that the state impermissi-bly questioned him concerning defense counsel’s ability to subpoena witnesses to testify on his behalf. Without a ruling by the trial court on this issue, it is impossible for this court to apply the harmless error test. See Messec v. State, 635 So.2d 89, 90-91 (Fla. 4th DCA), review denied, 645 So.2d 453 (Fla.1994) (harmless error test can be applied only if the state can prove beyond a reasonable doubt that the error complained of did not contribute to the verdict).
Henderson has successfully alleged that counsel’s performance was deficient as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, we reverse for the trial court to consider this single issue on remand. Should the trial court again deny the motion, it shall attach those portions of the record which conclusively refute Henderson’s allegation, or it may conduct an evidentiary hearing. In all other respects the order denying the motion for postconviction relief is affirmed.
RYDER, A.C.J., and THREADGILL and FULMER, JJ., concur.