648 So.2d 856 (1995)
DEPARTMENT OF REVENUE On Behalf of Suzanne FRECKLETON, Petitioner,
v.
David D. GOULBOURNE, Respondent.
No. 94-2717.
District Court of Appeal of Florida, Fourth District.
January 25, 1995.
*857 William H. Branch of Law Firm of Boyd & Branch, P.A., Tallahassee, for petitioner.
David Goulbourne, pro se.
PARIENTE, Judge.
Petitioner, Department of Revenue, on behalf of Suzanne Freckleton, challenges an interlocutory order for scientific testing to determine paternity, requiring father, mother and child to make themselves available for testing. Because we find that the order constitutes a departure from the essential requirements of law  paternity not being an issue in dispute and no other good cause having been established  we grant the petition for writ of certiorari and quash the trial court's order.
The pertinent procedural background of this case began in May of 1992 when a hearing officer heard the complaint by petitioner seeking a determination of paternity and child support. Respondent admitted paternity of the minor child. The hearing officer's report, subsequently ratified by the trial court in July of 1992, found that paternity had been established and determined the amount of respondent's child support obligation. This order was never challenged.
In September of 1993, petitioner filed a motion for contempt against respondent for non-payment of child support and the hearing officer entered a series of reports establishing the arrearage and recommending an order of contempt. At a case management conference in August of 1994, the trial court sua sponte entered the order on review here  directing respondent, David D. Goulbourne, and child to submit to scientific testing to determine paternity and also requiring petitioner, Suzanne Freckleton, as custodial parent, to make herself available for testing.
Absent a showing of fraud upon the court, a paternity order is res judicata on the issue of paternity and re-litigation of paternity issues would be unauthorized in connection with a subsequently-filed motion for contempt for failure to pay court-ordered child support. See Department of Health & Rehab. Servs. v. Day, 615 So.2d 176 (Fla. 2d DCA 1993); Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989); see generally Johnson v. Johnson, 395 So.2d 640 (Fla. 2d DCA 1981). Here, the trial court order of July 1, 1992 determined paternity and was res judicata on the issue of paternity.
Petitioner further points out that respondent did not raise the issue of paternity himself as a defense to the contempt proceedings. Instead, the court raised the issue on its own motion more than two years after the finding of paternity. In somewhat analogous circumstances, this court reversed a post-judgment order granting a motion for HLA testing to determine paternity in Department of Health & Rehabilitative Services v. Smith, 627 So.2d 1266 (Fla. 4th DCA 1993). There, the trial court had entered an order compelling testing more than 12 years after entry of a final judgment determining paternity, based on a letter from the appellee indicating uncertainty as to whether he was the father of the child.
The order also fails to comport with Florida Rule of Civil Procedure 1.360 (1994), governing physical and mental examinations, as there has been no showing that the condition to be tested is "in controversy" and that *858 there is "good cause" for the testing. The only matter pending before the court was repayment of a past public assistance debt and a motion for contempt for failure to make support payments.
For all of these reasons, the petition for writ of certiorari is granted and the trial court's order of "scientific testing to establish paternity" is quashed.
DELL, C.J., and WARNER, J., concur.