PER CURIAM.
Robert George Randolph petitions for cer-tiorari relief from a trial court order granting his former wife’s motion for vocational examination. We agree that the trial court lacked jurisdiction to enter such an order and grant the petition.
The record before this court reflects that the trial court granted the motion for vocational examination after it had already entered a final judgment on petitioner’s petition for modification of his alimony obligation based on his inability to find employment, and while the final judgment — which found he had some ability to be employed and imputed income to him — was on appeal. The only proceedings pending before the trial *846 court at the time it entered the order were the former wife’s motions for contempt due to petitioner’s alleged continued nonpayment of alimony. With respect to those proceedings, petitioner’s vocational abilities were not “in controversy” within the meaning of rule 1.360(a)(1), Florida Rules of Civil Procedure. See Department of Revenue on Behalf of Freckleton v. Goulbourne, 648 So.2d 856, 857-58 (Fla. 4th DCA 1995).
Accordingly, we quash the order on review.
GLICKSTEIN, POLEN and GROSS, JJ., concur.