PER CURIAM.
The Florida Department of Revenue (DOR) appeals a nonfinal order which inter alia required paternity blood testing and an order denying its motion to vacate that portion of the order which required the blood test. We treat the appeal as a petition for writ of certiorari, grant the petition, and quash the orders under review.
On September 21, 1994, DOR filed a complaint to determine paternity on behalf of Dorothy Haynes (Haynes) against Eddie Allen (Allen), seeking to determine whether Allen was the father of Haynes’ child, Tevin Aaron Haynes. On December 8, 1994, at Allen’s request, the trial court ordered that the parties present themselves and the child for a DNA blood test on December 21, 1994. However, Allen did not comply with the order.
At what was to be the final hearing on the complaint, Allen requested another opportunity to submit to the blood test. The order emanating from that hearing reflects that the trial court gave him one more opportunity, on condition he pay $180 for the cost of the blood test on or before July 2,1995, and if he did not timely pay, then a default judgment would be entered against him on the issue of paternity.
On October 24,1995, Allen failed to appear for the final hearing on the paternity complaint. As he had failed to comply with the order regarding the paternity test, a default was entered against him. Allen was declared to be the child’s father and ordered to pay $50 a week in child support. According to DOR, Allen neither moved for rehearing nor appealed the final judgment.
On July 9, 1996, Allen was adjudicated in contempt, being $2,698 in arrears in his child support payments through June 21, 1996. On July 1, 1997, DOR filed a motion for contempt against Allen for his failure to pay the child support, with a hearing scheduled for July 23,1997, before a commissioner/general master. The commissioner filed a report on the hearing, which indicated that Haynes was in doubt as to whether Allen was the father. The commissioner recommended that the case be continued and the parties “get paternity tests based upon their agreement.” On August 26, 1997, the trial court continued the contempt hearing, ordered both parties to be present on September 10, 1997, before the commissioner, and ordered DOR to facilitate the blood test.
On August 28, 1997, DOR served a motion to vacate portion of order requiring blood test dated 8-26-97. It argued that, as there was no motion pending, the trial court was without jurisdiction to order a blood test; that, absent a showing of fraud on the court, the issue of paternity was res judicata; that Haynes’ also questioning Allen’s paternity did not change that result; and that the commissioner was without authority to rule on the issue of a blood test.
In an order dated September 17 and entered September 18, 1998, the trial court denied the motion to vacate. DOR challenges both the August 26 and September 18 orders. Allen has filed no response.
In this case, the final order of paternity and support entered in October 1995 determined the issue of paternity. This court has already held that “[ajbsent a showing of fraud upon the court, a paternity order is res judicata on the issue of paternity and re-litigation of paternity issues would be unauthorized in connection with a subsequently-filed motion for contempt for failure to pay court-ordered child support.” Department of Revenue on Behalf of Freckleton v. Goulb- *132 ourne, 648 So.2d 856, 857 (Fla. 4th DCA 1995). Such remains the case even when the mother also expresses doubts about the putative father’s paternity. See Department of Revenue on Behalf of Current v. Harris, 684 So.2d 231 (Fla. 2d DCA 1996); Department of Health and Rehabilitative Services v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985).
Further, a compulsory physical examination requires a showing that the condition is in controversy and good cause is shown. See Fla. R. Civ. P. 1.360. The rule provides for examination “when the condition that is the subject of the requested examination is in controversy,” Fla. R. Civ. P. 1.360(a)(1), and authorizes the examination “only when the party submitting the request has good cause for the examination,” Fla. R. Civ. P. 1.360(a)(2). See Goulbourne, 648 So.2d at 857-58 (noting that order requiring paternity blood testing failed to comport with rule 1.360, where only matter pending before court was repayment of past public assistance debt and motion for contempt for failure to make support payments).
Accordingly, we grant the petition and quash the orders on review.
STONE, C.J., DELL, J., and GLICKSTEIN, HUGH S, Senior Judge, concur.