PER CURIAM.
The Department of Children and Families filed a petition to terminate O.I.’s parental rights.[1] At a status/advisory hearing, the trial court on its own motion ordered 0.1. to submit to paternity testing. 0.1. filed an appeal from that order, which we treat as a petition for writ of certiorari. See Dep’t of Revenue v. Allen, 717 So.2d 130 (Fla. 4th DCA 1998).
While section 39.407(14), Florida Statutes (2000), allows the court to order such testing, that section provides that “[t]he order may be made only upon good cause shown and pursuant to notice and procedures as set forth by the Florida Rules of Juvenile Procedure.” The record does nqt contain the notice of hearing, but the Department does not dispute O.I.’s claim that he had no notice that the subject of testing would be discussed at the status/advisory hearing. The lack of sufficient notice requires that the order be quashed. See F.M. v. Dep’t of Children & Families, 758 So.2d 1262 (Fla. 5th DCA 2000).
We do not reach the question of whether good cause was shown in this case. If testing is considered again at a properly noticed hearing, the determination of good cause will have to be made anew.
GUNTHER, STONE and SHAHOOD, JJ., concur.

. The petition was later voluntarily dismissed without prejudice.