PER CURIAM.
Roger Paul Hebner, the putative father in this paternity action, petitions this court for writ of certiorari asserting that the trial court departed from the essential requirements of law in ordering him to submit to scientific paternity testing.
The child’s mother, Michelle Ann Barry, filed a pro se petition to establish paternity alleging that Hebner was her son’s biological father.
During the proceedings, the trial court determined that, because the woman was married to Martin Barry (the legal father) when the child was conceived, the case was “governed by the holding of Dep’t of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993).”
In accordance with the dictates of Pri-vette, the trial court appointed a guardian ad litem to represent the minor’s interests.
After the guardian filed her report and recommendations, a hearing was held. There the court, noting the absence of the legal father, heard testimony from the mother that the legal father loves the child, but cannot afford to pay child support.[1] Along the same lines, the guardian’s report indicated that the legal father had a loving relationship with the child, which he intended to maintain, irrespective of the outcome of the case. In her report, the guardian concluded that the blood test was not in the minor’s best interests.
Without addressing the evidence presented or offering any findings of fact concerning the minor’s best interest, the trial court ordered Hebner to submit to the blood test.
Under Privette, and Daniel v. Daniel, 695 So.2d 1253 (Fla.1997), a determination of whether there is a clear and compelling reason why the child’s best interests would be served by overcoming the presumption that the legal father is the father is required. See also Fernandez v. McKenney, 776 So.2d 1118, 1119 (Fla. 5th DCA 2001)(citing Daniel). In failing to make these required findings of fact as to wheth *307 er the paternity test is in the best interest of the child, the court departed from the essential requirements of the law. See R.S.R. v. A.K., 801 So.2d 325 (Fla. 1st DCA 2001)(citing Barker v. Barker, 785 So.2d 1273 (Fla. 5th DCA 2001)).
Accordingly, we grant the petition for certiorari and quash the order entered below.
STONE, SHAHOOD and TAYLOR, JJ., concur.

. The limited record before this court is silent as to whether the legal father had notice of the hearing.